## THE CITY OF EVANSVILLE ET AL. *v.* BAYARD.

STATUTE.—*Title of Act.—Bank of the State.—Municipal Taxes.*—The following title: "An act to provide for the assessment and collection of taxes on the shares of stock owned in banks and banking associations doing business in this State," is sufficient to cover this provision in the act: "Nothing in this or any other act shall be so construed as to authorize the taxation of stock in the Bank of the State of Indiana, or any national bank, for municipal purposes." Acts 1867, p. 216.

CITY OF EVANSVILLE.—*National Banks.—Municipal Taxes.*—This provision applies to the city of Evansville, acting under a special charter, which is modified by the provision in the charter of the Bank of the State exempting its capital stock from municipal taxation, and by said provision of said act of 1867, so that such city now stands, in this respect, on an equality with the other cities of the State, and it cannot tax the shares of the capital stock in a national bank for municipal purposes.

STATUTES.—*Repugnant Provisions.*—Where two statutes are clearly repugnant to each other in their provisions, the later must be regarded as having superseded the former.

APPEAL from the Vanderburg Common Pleas.

DOWNEY, J.—The legal question involved in this case arises out of the following statement of facts presented to the common pleas:

"That the city of Evansville is organized and acting as a municipal corporation, under an act of the General Assembly of the State of Indiana, passed January 27th, 1847 (Local Acts, 1847, 3); that said plaintiff has resided, for the last five years, and still resides, within the corporate limits of said city; and that during all that time he has been, and still is, the holder of four hundred shares of the capital stock of the Evansville National Bank, of Evansville, Indiana, of the par value of one hundred dollars per share; that said Evansville National Bank is a bank duly organized under the act of congress, entitled, 'An act to provide for a national currency by a pledge of public stock,' usually known as the 'National Currency Act,' approved June 3d, 1864; that prior to the first day of June, to wit, on the first day of May,

1871, one Morris Hanff, who was then and there city assessor, duly elected, qualified, and acting as such, placed four hundred shares of the stock of said bank upon the assessment roll of said city, and assessed the same thereon to the said plaintiff, for taxation, as personal property, and appraised the same at their par value, to wit, forty thousand dollars; that afterward, in accordance with the charter and ordinances of said city, said assessment of said shares of stock was duly transferred to the tax duplicate of said city for taxation, for the year 1871; and that thereupon, at the proper time, to wit, on the 20th day of June, 1871, the common council of said city, in due form, levied upon all the real and personal property found upon said duplicate, for said year, an *ad valorem* tax of three-quarters of one per cent.; that thereupon the clerk of said city, in pursuance of the charter and ordinances of said city, placed upon said tax duplicate said levy upon said stock, whereby the plaintiff became duly charged, upon said duplicate, with three hundred dollars, as and for the tax for the year 1871, upon said four hundred shares of stock in said bank; that thereupon, in due time, to wit, on the first day of September, 1871, said duplicate was duly delivered to the defendant, Koch, who was then and there, and still is, the collector of said city, and the same was accompanied by the proper precept; and that if said tax is properly levied, and lawfully collectible, the same is now due; and that by the charter and ordinances of said city, said collector now has the right to collect all taxes levied for said year, upon personal property, by distress and sale.

"It is further agreed that said Koch, as said collector, is threatening, and is about to seize the plaintiff's property, and sell the same for the payment of said tax.

"And it is further agreed that if the court shall be of opinion that said shares of stock are not liable to be taxed by said city, there shall be a decree enjoining the defendants from collecting said sum of three hundred dollars, so levied upon said stock.

"But if the court shall be of opinion that said city had a lawful right to levy and collect said tax upon said shares of stock, then said court shall render judgment for defendant."

Upon the submission of this agreed statement, the court found for the plaintiff, and, over a motion for a new trial, rendered a decree perpetually enjoining the defendants from the collection of the tax.

It is not insisted that such taxation by cities acting under the general law for the incorporation of cities is allowed, but it is contended that the city of Evansville, under its special charter, can exercise that power. The following part of the charter is cited by counsel for both parties, and if it stood alone, it seems to be conceded by counsel for the appellee, it would authorize such taxation.

" For the purposes of revenue, the common council shall have the power to levy and cause to be assessed and collected once in each year an *ad valorem* tax upon all the property real and personal within said city, and on all money and capital within said city which is or may be subject to taxation for county purposes, whether such money or capital be actually employed or not, and on all money bearing interest and payable to any inhabitant of said city, and also a poll tax.     *     *     *     Provided, that such *ad valorem* tax shall not exceed three-fourths of one per cent. upon the value of the property, capital, or money taxed."

It is claimed by counsel for the appellants that the legislation by the State, and by the United States, by which the taxation of the shares of bank stock for municipal purposes is prohibited, has not made any change in the charter of the city of Evansville, or its power to tax such property. The exemption of such stock from taxation, whatever may be said as to its policy, rests upon these enactments. When the bank of the State of Indiana was incorporated, the legislature inserted in its charter this provision:

"The capital stock of said bank shall be subject to the same rate of taxation for state and county purposes as the property or stock of other moneyed corporations, and the

real estate and other property of said bank and branches situated in any city or town shall be taxed for municipal purposes in the same manner as other property so situated; but the capital stock of said bank or branches shall not be taxed for municipal purposes."

When the act of Congress, under which the national banks are organized, was passed, in order that the states might not discriminate against such banks in the exercise of the power of taxation, this provision was inserted in the act, after providing for the collection of certain specified taxes from such banks:

"Provided, that nothing in this act shall be construed to prevent all the shares in any of the said associations, held by any person or body corporate, from being included in the valuation of the personal property of such person or corporation in the assessment of taxes imposed by or under state authority at the place where such bank is located, and not elsewhere; but not at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such state. Provided, further, that the tax so imposed under the laws of any state upon any of the associations authorized by this act shall not exceed the rate imposed upon the shares in any of the banks organized under authority of the state where such association is located. Provided, also, that nothing in this act shall exempt the real estate of such association from either state, county, or municipal taxes to the same extent, according to its value, as other real estate is taxed."

Reference is made to the act of March 15th, 1867, relating to the assessment and collection of taxes on the shares of stock owned in banks and banking associations doing business in this State, Acts 1867, p. 216, and especially to the ninth section thereof, which reads as follows:

"Nothing in this, or any other act, shall be so construed as to authorize the taxation of stock in the bank of the State of Indiana, or in any national bank, for municipal purposes."

It would seem that the legislature, in the enactment of this

statute, regarded the provision in the charter of the bank of the State, and the clause in the act of Congress above set out, as creating an exemption, and that the ninth section of the act of 1867 was designed to carry out or conform to that idea. It is objected to the ninth section of this last act, that it is not embraced in the title of the act, and is, therefore, unconstitutional and void. It is said by counsel for the appellant: "The very evil the constitutional section sought to avoid is here perpetrated. In the body of an act ostensibly providing for taxation, an exemption from taxation is ingeniously injected, and thus, without attracting the attention of the legislature, the objectionable section is smuggled through. The title of the act related only to taxation, and by every rule of construction applied only to state and county taxation."

The title to the act is as follows: "An act to provide for the assessment and collection of taxes on the shares of stock owned in banks and banking associations doing business in this State."

We are of the opinion that the title of the act is sufficient to cover the provisions made by the ninth section. We are also of the opinion that the legislation in question must be held to apply to the city of Evansville as well as to cities acting under the general law. The special charter of the city was, by the present constitution, continued in force until such time as the General Assembly should, in its discretion, modify or repeal the same. We must hold that the legislation in question was intended to and did so modify the charter, that that city now stands, in this respect, on an equality with the other cities of the State. The law does not favor repeals by implication, but requires clearly repugnant language to effect a repeal. If, however, two statutes be clearly repugnant to each other in their provisions, the later must be regarded as having superseded the former. 1 Davis Ind. Dig. 774, secs. 50–51.

We are of the opinion that it is the shares of the capital stock which the legislation above referred to exempts from municipal taxation. The capital stock of such national

banks is by the act of congress expressly required to be divided into shares of one hundred dollars each, and these shares are owned by the stockholders or shareholders. They represent the property or wealth of the corporation. But notwithstanding this, it is expressly provided by the act of congress that nothing in the act shall exempt the real estate of such association from either state, county, or municipal taxes to the same extent, according to its value, as other real estate is taxed. The state law of 1867 follows out the same idea, that the shares of the capital stock represent the whole property or wealth of the corporation, by providing for taxation of the shares. But as the real estate of the bank is taxed, as such, in the name of the corporation, it is provided in the eighth section of the act, that in making the assessment and ascertaining the value of any shares of bank stock under the provisions of the act, it shall be lawful to deduct from the gross cash value of such shares the proper proportionate part of the value of any real estate held or owned by any such bank or banking association in this State, and taxed under the laws thereof, in which any part of the capital stock of such bank or banking association may be invested; and in making such deduction, the value of such real estate for taxation shall be the criterion. But that part of the capital stock of the bank which is invested in real estate would seem not to be exempt by the act of congress from municipal taxation, whatever may be the effect of the state legislation on the subject. But perhaps this question is not in the case before us.

The judgment is affirmed, with costs.

*C. Denby* and *D. B. Kumler,* for appellants.

*A. Iglehart, W. F. Parrett, L. Wood,* and *J. E. Iglehart,* for appellee.