IN THE MATTER OF THE PETITION OF RICHARD WOF-
FENDEN FOR A WRIT OF MANDAMUS AGAINST THE BOARD
OF SUPERVISORS OF PIMA COUNTY.

WRIT OF MANDAMUS WILL NOT BE GRANTED TO CONTROL ACTION of any in-
ferior court, board, or officer, in matters wherein their acts are of a judicial
character, or wherein they are called upon to exercise discretion; but
where their acts are ministerial only, and they fail or refuse to perform
any act required by law, and the party injured has no other speedy and
adequate remedy, he is entitled to this writ.

PETITION for writ of *mandamus.* The facts are stated in he opinion.

*Hugh Farley,* for the petitioner.

*John Titus,* for the respondents.

By Court, TWEED, C. J.:

In the matter of the petition of Richard Woffenden for a writ of *mandamus* against the board of supervisors of Pima county, all the material facts set forth in the petition are admitted by the answer of the respondents. They are sub-stantially as follows:

At the October term of the district court held in and for the county of Pima, for the year A. D. 1874, the chief justice ordered a *venire* to issue for the summoning of trial jurors for the term. Of those summoned and in attendance during the term, certain jurors were excused from daily attendance for a portion of the term when their services as jurors were not required. The trial jurors were summoned to appear on the sixteenth day of November, and the jurors in whose behalf this petition is presented were in attendance upon the court as trial jurors from the sixteenth day of November until the twenty-sixth day of December, except when ex-cused from daily attendance, as above stated. After the trial

jurors were discharged for the term, the clerk of the court refusing to include in the certificates given to jurors as to the time of attendance "the days in which such jurors had been excused by the court from actual attendance," such jurors applied to the court to have said days included in said certificate, whereupon the court ordered that the clerk issue to said jurors separate certificates for the time during which such jurors had been excused from personal attendance. The clerk delivered to said jurors the certificates contemplated by said order of the court, and the same being presented to the board of supervisors, as claims against the county, were disallowed.

Certain of said jurors have assigned their claims for such services to the petitioner, who is now the owner and holder of the same.

The writ of *mandamus* will not be granted to control the action of any inferior court, board, or officer, wherein their acts are of a judicial character, or in which they are called upon to exercise discretion; but when their acts are ministerial only, and they fail or refuse to perform any act required by law, and the party injured has no other speedy and adequate remedy, such party is entitled to this writ.

The admission by respondents, that the jurors named in the exhibits accompanying the petition were summoned, were in attendance, and were excused by the court for certain days during the term, is conclusive of their right to the usual compensation and of the regularity of the clerk's certificate, and leaves the board no discretion in the matter. Their duty was to audit the claims. We do not intend to say that the clerk's certificate would always be conclusive; he might purposely issue a false certificate, and in such a case the board might, as provided in sections 474–479 of the civil practice act, concerning *mandamus*, in their answer to the petition raise the question of fact; the court would then order the question of fact to be settled by a jury, and on the finding of a jury the court would grant or deny the writ as justice might require, it being always remembered that the writ will not be granted where the party has a plain, speedy, and adequate remedy in the ordinary course of law.

But in this case the admission by respondents of the facts set up in the petition are equivalent to an admission that

the clerk's certificate was properly issued, and left no discretion in the board to reject the claim.

Let peremptory writ issue as prayed for by petitioner.