[No. 18265. Department Two.—October 2, 1894.]

A. JACOBS, APPELLANT, v. J. G. ELLIOTT, RE-SPONDENT.

TRIAL JURORS—COMPENSATION—EXCUSED FROM ATTENDANCE UPON COURT. Under the act of 1871–72, page 188, trial jurors are entitled to *per diem* compensation only when they are in attendance upon the court, and are not entitled to any compensation during the time when. they are excused by the court from attendance.

APPEAL from a judgment of the Superior Court of Merced County.

The facts are stated in the opinion.

*James F. Peck*, for Appellant.

*B. F. Fowler*, for Respondent.

SEARLS, C.—This is a proceeding under a writ of mandate, sued out by appellant to command respondent, as county clerk of the county of Merced, to issue to him, the said appellant, a certificate showing and certifying to his attendance in and upon the superior court in and for said county of Merced as a trial juror, and that he is entitled to pay for fifty-one days, and to like pay for one mile travel as such juror.

The cause was submitted upon the petition, answer, and agreed statement upon which the court below found in favor of respondent, and entered judgment discharging an alternative writ of mandate theretofore issued in the cause, and awarding costs against the appellant.

The appeal is from the judgment discharging the writ.

The petitioner was in all respects competent to serve as a trial juror in the county of Merced, and was regularly drawn, summoned, and on the twenty-third day of March, 1891, appeared as a juror in the superior court in and for said county of Merced, and served as such juror for three days, viz., until and including March 25, 1891.

On said last-mentioned day petitioner and other jurors in attendance on said court as jurors were, by order of the court, duly entered, excused from attendance, and by subsequent like orders, of all of which petitioner was duly notified, he was excused from, and did not attend as or serve as a juror until May 19, 1891, when he duly appeared and served for two days, at the end of which time he was finally discharged.

The question to be determined is this: Was petitioner, under the law, entitled to pay for the fifty-one days intervening between his first appearance and his final discharge or only for the five days of his actual service?

The superior courts of the several counties of the state are required, in the month of January in each year, to make an order designating the estimated number of trial jurors required for the transaction of the business of the court, and the trial of causes therein for the ensuing year, and thereupon the supervisors are required to select a list of persons competent to serve, as required by the court, and place the same in the possession of the county clerk, who shall place the names upon separate pieces of paper, fold and place them in a box to be called the "trial jury-box."

"The persons whose names are so returned shall be

known as regular jurors, and shall serve for one year, and until other persons are selected and returned." (Code Civ. Proc., secs. 204–11.)

The following sections of the same code provide that when the business of the superior court requires the attendance of a trial jury it shall require it to be drawn and summoned to attend the court at a time to be designated.

These provisions of the code are full and explicit as to the mode of selecting, drawing, and securing the attendance of jurors for the superior court, but make no provision for their compensation. Their pay is regulated in most, if not all, of the counties of the state by the act of 1872. (Stats. 1871–72, p. 188.) By the first section of that act, which amends section 28 of the act of 1870, it is provided as follows: "Grand and trial jurors shall receive two dollars per day for attendance upon a court of record," etc., provided that in certain counties, of which Merced is one, "grand and trial jurors shall receive three dollars per day."

From the foregoing provisions it will be observed: 1. That persons become and "shall be known as regular jurors," by being selected and having their names deposited in the designated manner in the designated receptacle; 2. They become entitled to the fixed compensation only when their names are drawn therefrom, and they are summoned and *attend upon a court of record.*

The compensation comes not by virtue of the *quasi office,* but at so much *per diem* for *attendance* on the court.

Jurors are subject to the orders of the court. It designates the time when their *attendance* shall commence and its duration. It may excuse them for cause, and may discharge the whole panel at will. Having general authority to command the presence of the jury, and by virtue of sundry statutes as well as by that inherent authority which comes from the common law and attaches to courts of record, it is not doubted but that

the superior court may, in furtherance of the public interest, dismiss from attendance upon it, for a limited and specified time, the jurors in attendance without finally discharging them from their duties.

And as their compensation is only given for *attendance*, they are not entitled when so excused to the *per diem* fixed by the statute.

As the clerk of the superior court did not refuse to the appellant the certificate for five days' attendance, and the mileage to which it was conceded he was entitled, the judgment of the court below should be affirmed.

BELCHER, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

McFARLAND, J., FITZGERALD, J., DE HAVEN, J.