[No. 18426.   Department One.—July 27, 1895.]

## J. D. MASON, APPELLANT, v. C. L. CULBERT, RE-SPONDENT.

108  247
d124  86

108 247
138 269

CRIMINAL LAW—COMPENSATION OF JURORS—SUSPENSION OF TRIAL—EXCUSE FROM ATTENDANCE.—Jurors are entitled to compensation from the county for attendance, in a criminal cause in which they are impaneled, for every day of actual attendance upon the court; but they are not entitled to the *per diem* during any period for which the trial is suspended, owing to the sickness of jurors, or other cause, during which they are excused from attendance upon the court, with the opportunity to be engaged in their ordinary avocations.

ID.—NATURE OF PER DIEM OF JUROR.—The *per diem* provided by statute for the attendance of a juror upon the court is not intended to be in the nature of a salary, or as wages for trying the cause, but rather as a compensation for the time during which he is withdrawn from his ordinary avocation, and in actual attendance upon the court.

APPEAL from an order of the Superior Court of Amador County refusing a mandate to compel the county clerk to issue certificates of attendance as jurors for days during which a trial had been suspended on account of the sickness of jurors. JOHN F. DAVIS, Judge.

The facts are stated in the opinion of the court.

*Charles H. Crocker*, for Appellant.

The court had the power to order the clerk to issue certificates. (*Ex parte Makinney* (Cal., March 8, 1884), 3 Pac. Rep. 253; *Rhodes* v. *Spencer*, 68 Cal. 199.) A juror is entitled to pay so long as his services are required. (*Cannon* v. *Whitthorne*, 7 Heisk. 557.) The Code of Civil Procedure has provided means for the court to stop the pay of jurors in case of sickness, which means were not employed in this case. (Code Civ. Proc., sec. 615.)

*B. C. Rust*, for Respondent.

*Per diem* cannot be allowed during a considerable period of nonattendance. (*Ex parte Pickett*, 24 Ala. 91; *State* v. *Hastings*, 16 Wis. 337; *Jacobs* v. *Elliott*, 104 Cal. 318.)

HARRISON, J.—The appellant was one of a jury of twelve persons who were impaneled in the superior court of Amador county for the trial of William Evans on a charge of murder, October 16, 1893. The trial proceeded from day to day to and including October 28th, when two of the jurors became sick and unable to perform their duty as jurors, and the trial of the cause was continued from that day to November 4th; and upon November 4th, the two jurors being still sick and unable to attend, the cause was again postponed until November 11th, and from the latter date for a similar reason until November 27th, when the two jurors, still being sick and unable to attend court, the cause was continued for the term, and jury finally discharged. All of the jurors impaneled were present in court each day until October 28th, and also upon the several days to which the cause was continued, until they were finally discharged; but, on the days on which the continuances were granted on account of the sickness of the jurors, they were all excused from attendance and permitted to go to their respective houses and business during the intervening periods. Upon their discharge the jurors received warrants for the sixteen days during which they were actively engaged in the trial, and were paid thereon, but they insisted that they were entitled to compensation for each of the forty-three days, from the time they were impaneled until they were finally discharged. The other jurors assigned to the appellant their alleged claims for jury fees, and he subsequently demanded of the respondent, as county clerk of Amador county, that he issue certificates of attendance for the days during which the trial had been suspended on account of the sickness of the two jurors; and, upon his refusal, asked for a mandate of the court directing him to do so. The court refused his application, and the present appeal is from this order.

The statute regulating the fees of jurors in Amador county was enacted March 1, 1872 (Stats. 1871–72, p. 188), and provides that they shall receive three dollars

per day "for attendance upon courts of record." It was held, in *Jacobs* v. *Elliott*, 104 Cal. 318, that, under this statute, a juror is entitled to be paid for only the days in which he is actually in attendance upon the court, and the only respect in which that case differs from the present is that in the present case the jurors were excused from attendance after they had been impaneled to try a cause, whereas, in the Jacobs case, when the juror was excused from attendance, he had not been so impaneled. We are of the opinion, however, that the principles upon which that case was decided must govern this. A juror may be in attendance upon court without being impaneled to try any cause, and for every day of such attendance the statute authorizes him to be compensated. The *per diem* provided by the statute is not intended to be in the nature of a salary for the time that he is serving as a juror, or as wages for trying a cause, but rather as a compensation for the time during which he is withdrawn from his ordinary avocation and in actual attendance upon the court. After he has been drawn as a juror he may be excused from attendance for a definite period, and, after a jury has been impaneled and sworn, the remaining jurors may be excused from attendance until some future day. In such cases they are not "in attendance upon the court" during the period for which they are excused. Neither are the jurors, who have been impaneled and sworn to try a cause, in attendance upon the court during any period that they are excused therefrom, with the opportunity to be engaged in ordinary avocations, any more than if they had been relieved from attendance at their own request, or because the court may have taken an adjournment for its own convenience.

The order is affirmed.

GAROUTTE, J., and VAN FLEET, J., concurred.