[S. F. No. 394.   Department Two.—August 7, 1896.]

HENRY MILLER ET AL., APPELLANTS, *v.* CHARLES F. CURRY, RESPONDENT.

FEES IN SAN FRANCISCO—REPEAL OF SPECIAL ACT OF 1866 BY GENERAL ACT OF 1895—UNIFORM OPERATION OF GENERAL LAWS.—The general act of March 28, 1895, establishing the fees of county, township, and other officers and of jurors and witnesses, is applicable to the city and county of San Francisco, and worked a repeal of the special act of February 9, 1866, there being a plain repugnancy between the two acts, which cannot be disposed of except upon the conclusion that the legislature intended in the act of 1895 to pass a valid general law having a uniform operation throughout the state, which necessarily resulted in the repeal of the special act of 1866.

ID.—RULES OF CONSTRUCTION—SPECIAL AND GENERAL STATUTES—MAXIM— REPEAL BY IMPLICATION.—Although repeals by implication are not favored, and, where permissible, an earlier special statute will be construed to harmonize with a general later one, under the application of the maxim, *Generalia specialibus non derogant;* yet these rules only apply where a repugnancy between the two acts is not manifest, and where such repugnancy is manifest, the earlier statute will fall.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. SEAWELL, Judge.

The facts are stated in the opinion of the court.

*E. B. & George H. Mastick,* for Appellants.

*Delmas & Shortridge,* for Respondent.

HENSHAW, J.—The action is mandate to compel defendant county clerk to file an answer in a civil case without the payment of the fees required by the act of March 28, 1895, establishing the fees of county, township, and other officers, and of jurors and witnesses, in this state. (Stats. 1895, p. 267.)

The sole question presented on this appeal, and therefore the only question to be decided, is the applicability of the said act of 1895 to the city and county of San Francisco.

At the time of the adoption of the present constitution the fee bill for the city and county of San Francisco was found in an act passed February 9, 1866. (Stats. 1865–66, p. 66.) If that act was repealed by the act of 1895, then the judgment of the trial court is correct. If, upon the other hand, the act of 1866 is still in force, appellants' contention must prevail.

Appellant argues that the act of March 28, 1895, though a general act, does not in terms repeal the act of 1866; that there is no necessary repeal by implication; that it does not in terms apply to the officers of a city and county; and that, therefore, the general statute is to be read as silently excluding from its operation the special statute of 1866.

By article XI, section 5, of the constitution, the legislature is enjoined to provide a uniform system of county government for the various counties, to regulate the compensation of county officers in proportion to their duties, and to provide for the strict accountability of all such officers for the fees and moneys collected by them in their official capacity. By section 7 of the same article the provisions of the constitution affecting cities and affecting counties are, so far as may be, made applicable to consolidated city and county governments, while by article IV, section 25, of the constitution, the legislature is prohibited from passing special or local laws affecting the fees or salary of any officer (subdivision 29), or prescribing the powers and duties of officers in counties,

cities, cities and counties (subdivision 28), or regulating county and township business (subdivision 9).

The law under consideration is general in its terms, and, while it makes no distinct mention of officers in consolidated governments, it undertakes to establish the fees, not alone of county and township officers, but of *other officers* in this state. In the somewhat anomalous municipal corporations recognized by the constitution, and known to the law as consolidated cities and counties, the officers do not lose their distinctive characters as county officers or of city officers merely because they hold within the corporate limits of such governments. The county clerk of the city and county of San Francisco, the sheriff of the city and county of San Francisco, the recorder of the city and county of San Francisco, are each and all county officers. They have no place properly as officers of a city. Upon the the other hand, the mayor of the city and county is distinctly and separately a city officer as distinguished from a county.

A law, therefore, which, under the constitutional mandate, undertook to regulate the duties or the compensation of county officers would fail of the basic requisite of the constitution that all laws of a general nature should have a uniform operation (Const., art. I, sec. 2), if it should be held that its terms did not apply, and were not meant to apply, to county officers in consolidated governments. And it must, therefore, be concluded, without room for question, that the act under consideration is, in its terms, applicable to the city and county of San Francisco.

But, when this point has been reached, appellant contends that he may invoke the rule and principle expressed in *Home for Inebriates* v. *Reis*, 95 Cal. 142, and that, under the authority of this case, the city and county of San Francisco must be excepted from the operation of the law. All that this court did in the Reis case was to recognize and give effect to certain well-settled principles governing the interpretation of stat-

utes.  It founded the decision, in that particular case, upon the canons of construction that repeals by implication are not favored, and that, where permissible an earlier special statute will be construed to harmonize with a general later one.  It was, in short, but the application of the maxim, *Generalia specialibus non derogant.*  But this rule has its limits, and means no more than that in arriving at the intent of the legislature, which is always to govern, and in endeavoring to deduce that intent from the acts themselves, unless there be plain and explicit terms of repeal in the later act, or unless the provisions of the two acts be so inconsistent as that both may not stand, it will be assumed that the legislature, in making general provision for all cases, did not mean to destroy the effect of a rule laid down with explicit care and directness, and applicable to a particular class of cases.  But this, after all, is but a method of arriving at the legislative intent when other and better means are not available.  So it was held in the Reis case that there was no such repugnancy in the later act as made plain the intent of the legislature that the moneys provided for in the earlier act were no longer to be paid over to the Home of the Inebriates.

There are other rules of construction, however, of equal dignity and potency.  The rules that we have been considering apply only in a case where a repugnancy between the two acts is not manifest.  If such a repugnancy exist, then it is well settled that the earlier act must fall.  (Endlich on Interpretation of Statutes, sec. 206.)  Only so far as the two acts are not, in their terms, incompatible with each other, is the earlier act allowed to stand.  It is a fundamental rule for the interpretation of statutes that, where the instrument is susceptible of two permissible constructions, by one of which it is valid, by the other of which it is void, the one in favor of its validity, and of natural right, will prevail, for courts will only, upon the clearest showing of invalidity, overthrow the enactments of a co-ordinate department of government.  The legislature is pre-

sumed to know the constitution and the limitations upon its powers therein set forth. In the case at bar, as has been said, the legislature had only the power to pass a general law upon the subject in question, applicable to all county officers. If it was the legislative intent (and the legislative intent is always the ultimate fact to be determined) to except the county officers of the city and county of San Francisco from the operation of the law, this might as well have been done by an exception expressed in the terms of the act itself. No one would for a moment question but that such an exception would impair the general operation of the law, and thus violate the provisions of article I, section 2, of the constitution. In that event, either the exception would be void, or, if inseparable from the other parts of the law, the whole act would fall. But that constitutional provision would be no less violated if the legislature did not mean and intend that the statute of 1866 should be repealed by the act of 1895. The latter would still be a law purporting to be general in its terms, yet not having a uniform operation by reason of the exception indicated. There is thus a plain repugnancy between the act of 1866 and that of 1895 which cannot be disposed of except upon the conclusion that the legislature intended in the act of 1895 to pass a valid law, and that to do so the repeal of the act of 1866 necessarily resulted. (*Pausch* v. *Guerrard*, 67 Ga. 326; *State* v. *Pearcy*, 44 Mo. 159; *Boyer* v. *Camden*, 50 N. J. L. 89; *City of Evansville* v. *Bayard*, 39 Ind. 454; Endlich on Interpretation of Statutes, secs. 230, 231, 241.)

The judgment appealed from is affirmed.

Temple, J., and McFarland, J., concurred.

Hearing in Bank denied.