[S. F. No. 401.    Department Two.—January 7, 1897.]

## J. S. REID, APPELLANT, v. G. C. GROEZINGER, A JUSTICE OF THE PEACE OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

FEE ACT OF 1895—APPLICABILITY TO SAN FRANCISCO—FEES OF JUSTICE OF THE PEACE—ENTRY OF JUDGMENT.—The act of March 28, 1895, establishing the fees of county, township, and other officers, and which provides that the legal fee for the entry of a judgment by a justice of the peace is two dollars, is applicable to the city and county of San Francisco.

ID.—OTHER ACTS SUPERSEDED—UNCONSTITUTIONAL PROVISION FOR RETENTION OF FEES.—The act of March 28, 1895, in so far as it establishes the fees which justices of the peace may charge and collect supersedes all other acts, but the further provision that such fees shall be retained by the justices to their own use, is unconstitutional.

ID.—FEE FOR ENTRY OF JUDGMENT—TENDER TO JUSTICE—MANDAMUS.— No other statute on the subject of fees of justices of the peace in the city and county of San Francisco, contemplates or permits the reception by the justice personally of a fee for the entry of judgment; and *mandamus* will not lie to compel the justice to accept the legal fee for such entry tendered to him by the plaintiff, and thereupon to enter a default judgment in an action commenced in his court in such city and county.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. A. A. SANDERSON, Judge.

The facts are stated in the opinion of the court.

*Charles Wesley Reed*, for Appellant.

*Harry T. Creswell, City and County Attorney*, and *William Irvin Brobeck, Assistant*, for Respondent.

HENSHAW, J.—Petitioner tendered to respondent, a justice of the peace of the city and county of San Francisco, the sum of two dollars, and demanded that the justice accept the same as the legal fee for the entry of a judgment, and that he thereupon enter a default judgment in an action commenced in his court. Upon the refusal of the justice, proceedings in mandate were commenced. A general demurrer to the petition having been sustained, this appeal is taken.

Appellant contends that the legal fee for the service demanded is two dollars, under an act entitled "An act to establish the fees of county, township, and other officers, and of jurors and witnesses in this state," approved March 28, 1895, and that this act is applicable to the city and county of San Francisco. This contention is sound. (*Miller* v. *Curry*, 113 Cal. 644.)

The tender in this case was made to the justice personally, under appellant's claim that the act of 1895 supersedes all other acts, fixes the fees which justices of the peace may charge and collect, and further provides that they shall retain these fees to their own use. This claim is disposed of by the case of *Dwyer* v. *Parker*, ante, p. 544, decided after the appeal herein was taken.

It is not necessary to determine whether in the mode of collecting fees justices of the peace of San Francisco are governed by the provisions of "An act to regulate fees in the city and county of San Francisco" (Stats. 1865–66, p. 67), or by section 91 of the Code of Civil Procedure, or by the provisions of the act of 1893 pro-

viding a manner of paying fees in cities and cities and counties of the class to which San Francisco belongs. (Stats. 1893, p. 127.)    None of these acts contemplates or permits the reception by the justice personally of the fee in question, and he is not compelled in the performance of his duties to recognize a tender such as that here made.

The judgment appealed from is affirmed.

McFARLAND, J., and TEMPLE, J., concurred.