[S. F. No. 1122.   Department One.—March 22, 1899.]

SAMUEL M. HILTON, Respondent, v. CHARLES F. CURRY, County Clerk of the City and County of San Francisco, Respondent.

FEES OF JURORS IN SAN FRANCISCO—CHARGE UPON PUBLIC TREASURY—CERTIFICATE OF CLERK—MANDAMUS.—There is no statutory provision making the fees of trial jurors in San Francisco a charge upon the public treasury, or directing the clerk to issue a certificate stating the attendance of the jurors, and the amount payable to each; and mandamus will not lie to compel the issuance of such a certificate by the clerk. The writ of mandate only issues to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station.

ID.—UNAUTHORIZED CERTIFICATE—EVIDENCE.—A certificate of the county clerk, not authorized by statute, can have no legal effect, and would be but the mere declaration of a fact which is capable of being shown by other competent evidence.

ID.—RIGHT OF JUROR TO COMPENSATION STATUTORY.—The right to compensation for service of a juror is purely statutory, and, in the absence of any provision upon the subject, the juror cannot claim any compensation for his services; and he can only claim such an amount and mode of payment therefor as is prescribed by statute.

ID.—STATUTES REGULATING JUROR'S FEES — MODE OF PAYMENT—PRO-
VISIONS APPLICABLE TO SAN FRANCISCO—REPEAL.—The Act of 1870,
as amended in 1872, providing for a certificate by the county
clerk, and the exception of San Francisco therefrom, and the act
of 1866, providing the mode in which jurors shall be paid in
San Francisco, were not repealed by the act of 1895 establish-
ing the fees of jurors throughout the state, so far as respects
the mode of the payment of jurors, though the latter act con-
trols all previous acts as to the amount of fees allowed in all
of the counties of the state, including San Francisco.

ID.—REPEALS BY IMPLICATION NOT FAVORED.—Repeals by implication are
not favored in the law, and whenever there are two statutes
upon the same subject, courts will endeavor to harmonize them
so that, if possible, effect may be given to the provisions of each.
It is only when there is a repugnancy or inconsistency between
them that the latter act will be held to repeal the prior one.

APPEAL from a judgment of the Superior Court of the City
and County of San Francisco.   J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Harry F. Creswell, City and County Attorney, for Appellant.

Barrett & O'Gara, for Respondent.

HARRISON, J.—The plaintiff was summoned to attend as a
trial juror before the superior court of San Francisco, Depart-
ment No. 3 thereof, and in obedience thereto appeared and at-
tended as such trial juror upon twenty days in the months of
March and April, 1897, exclusive of days upon which he actu-
ally served as a juror in the trial of causes therein.   During all
this time this department of the superior court tried only civil
cases.   Thereafter he demanded from the defendant, who was the
county clerk and *ex officio* clerk of said superior court, a certifi-
cate stating that he had so attended and was entitled to be paid
therefor the sum of forty dollars, computed at the rate of two
dollars per day for each day's attendance.   The defendant re-
fused to give him this certificate, and he thereupon applied to
the superior court for a writ of mandate commanding the de-
fendant as such clerk to make and issue to him the said certifi-
cate.   A demurrer to his petition was overruled by the court,
and judgment was entered in his favor in accordance with his
petition, from which the present appeal has been taken.

The writ of mandate is issued "to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station." (Code Civ. Proc., sec. 1085.) It is not alleged in the petition or contended by the respondent that there is any statute directing the county clerk to issue the certificate which was demanded of him—the allegation in the petition being, "that it is necessary for the collection of said sum from the city and county that the defendant make and issue" the said certificate; and he states in his brief that this necessity arises out of the fact that the board of supervisors refuses to take action upon any claim for juror's fees unless accompanied by such certificate. We are not cited to any provision of law making the presentation of such certificate a condition precedent to any action by the board of supervisors, and, in the absence of such provision, this requirement by the board would not defeat any right of recovery which the respondent might otherwise have. If the certificate is not authorized by statute, it could have no legal effect, and would be but the mere declaration of a fact which is capable of being shown by any other competent evidence. The cases of *Jacobs v. Elliott,* 104 Cal. 318, and *Mason v. Culbert,* 108 Cal. 247, cited by respondent, arose under section 28 of the act of 1870, as amended in 1872 (Stats. 1871-72, p. 188), which expressly directed the clerk to issue such a certificate. This statute, however, both by section 52 thereof, and also by another act passed at the same session (Stats. 1870, p. 680), expressly excepted and exempted the city and county of San Francisco from its operation, and the above cases are consequently inapplicable here.

The right to compensation for service as a juror is purely statutory, and it is for the legislature to determine in what cases such compensation shall be made, as well as the amount and mode of payment, or it may withhold any compensation therefor. In the absence of any provision upon the subject the juror cannot claim any compensation for his services, and he can in no case claim compensation to any greater amount, or from any other source, than is prescribed by statute. It has never been the legislative policy of this state that any portion of the jurors' fees in San Francisco should be paid out of the public treasury. The first statute upon this subject (Stats. 1850, p. 421) applied

to the whole state, and provided in substance that the court
which summoned a jury should by its order fix a certain amount
to be allowed as a *per diem* to the jurors, and should assess a por-
tion of this amount as a jury fee to be paid into court in each
case by the prevailing party upon the rendition of the verdict,
and that the clerk should distribute this amount equally among
the jurors by whom the cause was tried.   In the next year the
legislature provided different fees for different counties in the
state, and section 20 of the act (Stats. 1851, p. 35), which was
applicable in San Francisco, fixed the fees of jurors as follows:
"For the trial of each cause two dollars; which shall be paid by
the party in whose favor the verdict is rendered before the same
shall be entered."   In 1855 both of the above statutes were re-
pealed, and an act to regulate the fees of office was passed
(Stats. 1855, p. 81), by which, in the part thereof made applica-
ble to San Francisco, no provision was made for jurors' fees; and
it was specially declared by section 51: "No other fees shall be
charged other than those specially set forth herein, nor shall
any fees be charged for any other services than those mentioned
in this act."   In 1864 an act was passed (Stats. 1864, p. 365) pro-
viding that in the city and county of San Francisco the fees of
jurors should be "for each cause two dollars, to be paid in civil
cases by the party in whose favor verdict is rendered."   This
act was amended in 1866 (Stats. 1866, p. 120) by providing that,
if a cause occupy more than one day, the jurors should receive
two dollars for each day's attendance.   The act of 1870, as we
have above seen, excepted the city of San Francisco from all of
its provisions.   In 1895 the legislature passed an act (Stats.
1895, p. 267) establishing the fees of jurors throughout the
state as follows: "For attending as a grand juror or juror in the
superior court, for each day's attendance two dollars."   It is
contended by the respondent that this act had the effect to re-
peal the provisions in the act of 1870 excepting the city and
county of San Francisco from its operation.

Repeals by implication are not favored in the law, and when-
ever there are two statutes upon the same subject courts will en-
deavor to harmonize them so that, if possible, effect may be given
to the provisions of each.   It is only when there is a repugnancy
or inconsistency between the two that the later act will be

held to repeal the prior one. (*Bank of British North America v. Cahn,* 79 Cal. 463.) The act of 1895 does not purport to deal with the mode in which jurors shall be paid, nor does it contain any provision authorizing their payment out of the public treasury, or fixing the source of their compensation, but it is, as stated in its title, an act merely to establish the fees of county officers and of jurors and witnesses in this state, leaving unaffected the mode in which these fees are to be paid, and other provisions in previous acts upon that subject which are disconnected from the amount of their fees. It merely declares the amount of their fees for each day's attendance, leaving the mode as well as the source of payment as it existed prior to the passage of the act. The exception of San Francisco from the operation of the act of 1870 left the act of February 27, 1866 (Stats. 1865, p. 122), in force, and the provision in this latter act for the mode in which fees of jurors shall be paid was a legislative declaration upon a subject distinct from that fixing the amount of the fees, and in no respect inconsistent therewith. The act of 1895 makes an express repeal of only "all acts inconsistent herewith," but does not expressly repeal the act of February 27, 1866, nor does it expressly repeal the provision in the act of 1870 exempting San Francisco from the provisions of that act. So far as the prior act of February 27, 1866, is consistent with the provisions of the act of 1895, it was continued in force and allowed to remain the law of the land. In *Miller v. Curry,* 113 Cal. 644, it was held that, so far as this act purports to determine the amount of fees to be charged or collected by the officers therein named, it supersedes the statute upon the same subject which was passed February 9, 1866 (Stats. 1866, p. 66), applicable to San Francisco, and impliedly repeals that statute. But in *Dwyer v. Parker,* 115 Cal. 544, it was held that the act did not supersede or repeal the County Government Act, so far as it purports to affect the compensation of the officers; and in *Reid v. Groezinger,* 115 Cal. 551, it was held that, although the amount of fees to be received is fixed by the act of 1895, the provision in previous acts, that they should not be received by the justice, in unaffected. In *Carpenter v. Jones,* 121 Cal. 362, it was held that the act of 1895 does not repeal that provision in section 28 of the act of 1870, as amended in 1872, for the

mode of paying jurors in certain cases; that the later act only purports to deal with the amount of the fees, and not with the means or source from which they are to be paid. Under the principles of this case it must be held that the provisions of the act of 1870 for the payment of jurors' fees are still in force, but, as San Francisco is specially excepted from the provisions of that act, the provisions of this section have no application to the present case. Moreover, if the contention of the respondent should be upheld, it would prove too much for his case, since the principle upon which he claims that the act of 1895 repeals the section in the act of 1870 exempting San Francisco from its provisions would have the effect to repeal also section 28 of that act, which is the only provision in the statutes authorizing the clerk to give the certificate which he seeks.

We hold, therefore, that the provisions in the act of February 27, 1866, for the mode in which jurors' fees shall be paid, were not repealed by the act of 1895, and that as there is no provision in the statutes making the payment of jurors' fees in San Francisco a charge upon the public treasury, the petitioner was not entitled to the certificate asked for. It may be added that, if the contention of the respondent should be sustained, as the act of 1895 makes no provision for the payment of jurors' fees by the parties to a civil action, the entire compensation for their attendance must be made from the public treasury, irrespective of the days in which the juror has served on the trial of causes, or whether their service was in civil or in criminal cases. The provision in the act of 1895 in reference to the fees of witnesses is in the same terms as that in reference to the fees of jurors, and there would be the same ground for holding that provisions in former statutes determining the mode in which witness fees are to be paid have been repealed, and that the fees of witnesses are also to be paid out of the public treasury.

The judgment is reversed.

Garoutte, J., and Van Dyke, J., concurred.