[S. F. No. 2085. In Bank.—November 24, 1899.]

WILLIAM BIRCH, Appellant, v. JAMES D. PHELAN et al., Respondents.

FEES OF JURORS IN CRIMINAL CASES—SAN FRANCISCO—CONSTRUCTION OF STATUTE.—A person who has served as a juror in criminal causes prosecuted in the superior court of the city and county of San Francisco, is not entitled to payment for such services out of the municipal treasury. Neither the act of March 5, 1870, nor the act of February 27, 1866, nor the consolidation act (Stats. 1856, p. 145). nor the act of March 28, 1895, confers any right to such payment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion.

Louis P. Boardman, for Appellant.

Franklin K. Lane, City and County Attorney, and George W. Lane, Assistant, for Respondents.

BRITT, C.—The defendant Phelan is the mayor of the city and county of San Francisco, and, in virtue of his office, is president of the board of supervisors of said city and county; the other defendants are members of said board. The plaintiff served as a juror at various times—eleven days in all—during the month of March, 1899, upon the trial of sundry criminal causes prosecuted in the superior court of said city and county; he presented to the said board a claim in the sum of twenty-

two dollars for his services as such juror, and demanded that .the same be allowed as a valid claim payable out of the munici- ;pal treasury; defendants having refused, plaintiff petitioned the superior court for a writ of *mandamus* to compel them to allow his claim; the court denied his writ, hence this appeal.

In most of the counties of the state express provision has been made by the legislature for compensation of jurors in criminal cases from the public county funds. (Act March 5, 1870, sec. 28; Stats. 1869-70, p. 176; amended March 1, 1872, Stats. 1871-72, p. 188; *Jacobs v. Elliott*, 104 Cal. 320.) But by sec- tion 52 of said act of 1870 the city and county of San Francisco was exempted from the operation of said section 28 thereof; plaintiff urges, however, that certain other statutes "indicate a positive · legislative intent that such fees should be paid"— referring to the fees of all jurors in like situation with himself, said to be about fifteen hundred in number. The first of the statutes thus relied on is the act of February 27, 1866, "Con- cerning fees of jurors and witnesses in the city and county of San Francisco" (Stats. 1865-66, p. 122), which proceeds as follows: "Section 1. In the city and county of San Fran- cisco the fees of jurors and witnesses shall be as hereinafter provided. Sec. 2. The fees of jurors shall be for each cause —and if a cause occupy more than a day, then for each day's attendance—two dollars . . . . to be paid in civil cases by the party in whose favor verdict is rendered before the same may be recovered as costs against the party losing the case. . . . . Until they are paid no further proceedings shall be allowed in the action. No person shall receive fees for serving on a coro- ner's jury." Section 3 relates to the fees of witnesses in civil suits only.

The court, per Mr. Justice Harrison, said in a recent case: "The right of compensation for services as a juror is purely statu- tory, and it is for the legislature to determine in what cases such compensation shall be made, as well as the amount and mode of payment; or it may withhold any compensation therefor." (*Hilton v. Curry*, 124 Cal. 84.) Comparing and considering to- gether the several parts of said act of 1866, there seems to be in it no intelligible provision for the compensation of jurors in criminal cases; if, however, we could admit that such was the leg-

islative intent and that language has been employed from which the intent appears, the statute yet fails to support the plaintiff's case for the reason that it does not indicate a purpose to charge such compensation upon the city and county. The charter of the city and county—the consolidation act (Stats. 1856, p. 145) —provides that the municipal funds may be used to pay the fees of jurors in criminal cases "when the same by law are payable out of the county treasury"; and forbids such payment from that source unless required "by law," which it defines to be "the constitution and laws made or adopted by the legislature in pursuance thereof." (Stats. 1856, secs. 82, 83, 95.) Obviously, there is nothing in the act of 1866 declaring or intimating that such fees are payable out of the local treasury, and we have no more warrant to say that the charge arises by implication against the city and county than to say that it is implied against the state of California—perhaps not even as much. (See *County of Modoc v. Spencer,* 103 Cal. 498, 500.)

The other statute, which, in the view of plaintiff, affords foundation for his demand, is the act of March 28, 1895, "To establish the fees of county, township, and other officers, and of jurors and witnesses in this state." (Stats. 1895, p. 267.) It is unnecessary to set out its provisions touching jurors' fees; the interpretation thereof is affected by considerations quite similar to those already stated in reference to the act of 1866; this court has held—in *Hilton v. Curry,* above cited—that the purpose of the act of 1895, as regards the fees of jurors, is but to establish the amount of the same, and that it does not fix the source of payment, nor authorize payment out of the public treasury. The ruling in that case related to fees of jurors in civil causes, but we see nothing in the statute which would allow a different conclusion upon its effect in the present instance. The claim of plaintiff cannot be supported, and the judgment of the court below should be affirmed.

Haynes, C., and Gray, C., concurred.

· For the reasons given in the foregoing opinion the judgment of the court is affirmed.

|  |  |
|---|---|
| Van Dyke, J., | Harrison, J., |
| McFarland, J., | Garoutte, J., |
| Temple, J., | Henshaw, J. |