[No. 3896. Decided June 15, 1901.]

THE STATE OF WASHINGTON on the Relation of A. W. Hastie, Respondent, v. GEORGE B. LAMPING, as Auditor of King County, Appellant.

JURY — COMPENSATION — ATTENDANCE UPON COURT.

Under the statute (Bal. Code, § 1609) allowing jurors a certain per diem for each day's attendance on a court of record, jurors are not entitled to compensation for Saturdays, where the court has excused them from Friday evening until Monday morning, for the purpose of hearing motions, although such jurors could not have known prior to Friday evening whether or not they would be called for jury duty the following day, and those jurors living at a distance were unable to reach home and return

during the time for which they were excused and were therefore compelled to remain in town even if not on jury duty.

Appeal from Superior Court, King County.—Hon. BOYD J. TALLMAN, Judge. Reversed.

*Walter S. Fulton,* for appellant.

*A. W. Hastie,* for respondent: ·

Counsel cited *Parker v. Kempton,* 18 Fed. Cas. p. 1144; *Edwards v. Bond,* 8 Fed. Cas. p. 343; *In re Addis,* 28 Fed. 794; *Archer v. Hartford Fire Ins. Co.,* 31 Fed. 660; *Wooster v. Handy,* 23 Fed. 49; *Bloch v. Multnomah County,* 35 Pac. 30; *Hutchins v. State,* 8 Mo. 288; *Robinson v. Chambers,* 54 N. W. 176 (20 L. R. A. 57); *State v. Stewart,* 1 Tayl. (N. C.) 138; *Higginson's Case,* 1 Cranch C. C. 73.

The opinion of the court was delivered by

DUNBAR, J.—The agreed statement of facts in this case discloses that the jurors were on the regular panel duly and regularly summoned and qualified during the years 1897 to 1899, inclusive, and were subject to serve as jurors on Saturdays, but had not received pay from the county for their attendance on the Saturdays when they had been excused by the court, it appearing that it had been the custom ordinarily to excuse the jurors from attendance upon the court from Friday evening until Monday morning at 9:30 o'clock. On the 7th day of January, 1901, the court directed the county clerk to issue certificates to the jurors in question for services rendered in attending upon the court for the Saturdays in question. These certificates were transferred by the jurors to the respondent, who presented the same to the auditor for the purpose of having warrants drawn in payment of the same. The auditor refused to draw the warrants. A writ

of mandamus was applied for, which was issued by Judge
Bell of the superior court of King county, and upon the
trial of the cause the peremptory writ was ordered by Judge
Tallman of the same county. From the judgment of the
court in this particular this appeal is taken.

It will thus be seen that the question presented is
whether jurors are in attendance, within the meaning of
the law, on Saturdays, when they are not physically pres-
ent, or about the court, by reason of having been excused
the evening before from attendance on said Saturdays,
and when it was their duty to report again the following
Monday. The statute provides what each grand and petit
juror shall be allowed for each day's attendance on a court
of record. We do not think it can be said that a juror is
in attendance on a court of record on a day when he is
not subject to jury duty, or not subject to the call of the
court, but is by order of the court entirely relieved from
the performance of his duty in this respect. The court
finds that the time mentioned in said clerk's certificates is
for Saturdays, on which said jurors were excused from
service from Friday night to Monday morning at 9:30
o'clock, by reason of the court being engaged in hearing
motions. It would seem that, if the jurors were excused
from service from Friday night to Monday morning, they
could not, in any sense, be said to be in attendance on the
court. It is true that the finding further is to the effect
that none of said jurors were informed, nor could they
possibly determine previous to the adjournment of said
court on Friday evening, whether or not they would be
required to serve as jurors in the trial of causes on the
following Saturday, and that one half of said jurors re-
sided in the country, and, by reason of the distance, were
unable to reach their homes and return during the short
time for which they were so excused. But, while this state

of facts may indicate to a certain extent the imposition
of a hardship on the jurors, we do not think it justifies the
conclusion of law made by the court that all of said jurors
were in attendance on said superior court as petit jurors
therein at all times mentioned in said certificates.    The
finding of fact seems to be inconsistent with the conclu-
sion of law.

A case largely relied upon by the respondent is *Woffen-
den v. Board of Supervisors of Pima County,* 1 Ariz. 237
(25 Pac. 647), where, under a statute similar to ours, it
was held that mandamus would issue to compel the com-
missioners to allow claims similar to the claims presented
in this case.    There is no discussion, however, in that case
of the point under discussion here, but the contest seemed
to be over the right to issue the writ of mandamus to con-
trol the action of the board.    It was held, however, that
the admission by respondents of the facts set up in the
petition was equivalent to an admission that the clerk's
certificate was properly issued, and left no discretion in the
board to reject the claim,—a question which is not raised
or discussed in this case.    We have examined all the other
authorities cited by the respondent, but they do not seem
to us to be directly in point.    It is insisted by the respond-
ent that the cases cited by counsel for appellant show an
entirely different state of facts from those shown by the
statement accompanying this case, and are, therefore, not
in point.    But while the facts are to a certain extent differ-
ent, and the length of time for which the jurors were ex-
cused was much greater, than in the case at bar, the
principles announced were not based upon the length of
time, and are conclusive on the proposition under discus-
sion.    In *Jacobs v. Elliott,* 104 Cal. 318 (37 Pac. 942), it
was held that, under a statute providing that jurors shall
receive a certain sum per diem for attendance upon court,

a juror was not entitled to fees for the time during which he was dismissed from attendance on the court before his final discharge. In that case it was said:

"The compensation comes, not by virtue of the *quasi* office, but as so much per diem for attendance on the court. . . . it is not doubted but that the superior court may, in furtherance of the public interest, dismiss from attendance upon it for a limited and specified time the jurors in attendance, without finally discharging them from their duties; and as their compensation is only given for attendance, they are not entitled, when so excused, to the per diem fixed by the statute."

The same rule was announced in *Mason v. Culbert*, 108 Cal. 247 (41 Pac. 464), where the case of *Jacobs v. Elliott, supra,* was cited with approval, and the rule extended to apply to a case where the jurors were excused from attendance after they had been impaneled to try a cause. In that case it was said:

"After he has been drawn as a juror he may be excused from attendance for a definite period, and, after a juror has been impaneled and sworn, the remaining jurors may be excused from attendance until some future day. In such cases they are not 'in attendance upon the court' during the period for which they are excused."

Many other California cases have followed the rule announced in the cases above cited, and we think it is the rule that must be applied in this cause. The statute prescribes the compensation for services of a juror, and his compensation cannot be extended beyond its terms, even though some slight inconvenience or actual hardship may be visited upon the juror. Jury duty might be imposed, and is in some jurisdictions, without compensation at all, and, construing the statute in this instance as we would in any other, we are unable to conclude that it has application beyond the actual physical attendance of the juror on a court of record.

The judgment will therefore be reversed, with instructions to deny the writ asked for.

REAVIS, C. J., and ANDERS, FULLERTON, WHITE and MOUNT, JJ., concur.