## EMMER *v.* BOSTOCK.

JURORS EXCUSED—COMPENSATION.

Section 11229, 3 Comp. Laws, fixing the pay of jurors at two dollars for each day's attendance "upon any term of the circuit court, or before any court of record, on the trial of a cause," entitles a juror to two dollars pay for the time actually in attendance, and not for any period during which he is excused.

*Certiorari* to Kent; Perkins, J. Submitted March 26, 1902. (Calendar No. 19,263.) Decided April 8, 1902.

*Mandamus* by Fred W. Emmer and others to compel George D. Bostock, clerk of the superior court of Grand Rapids, to draw orders in payment for relators' services as jurors. From an order granting the writ, respondent brings *certiorari*. Reversed.

*Rodgers & Rodgers*, for relators.

*Ward & Brown*, for respondent.

MONTGOMERY, J. This is *certiorari* to review a *mandamus* proceeding instituted in the circuit court for the county of Kent on petition of the relators, who are jurors summoned in the superior court for the September term, to compel a certification by the respondent of their attendance as jurors for the period covering the time between their first appearance and their final discharge. The question presented is whether they are entitled to compensation for the full period, although they were from time to time excused from attendance upon court for stated periods, or whether their compensation is limited to the days of actual attendance upon the court. The statute (3 Comp. Laws, § 11229) reads as follows:

"Each grand and petit juror, and each talesman, shall

be entitled to receive two dollars for each day's attend-ance, and one dollar for each half day, upon any term of the circuit court, or before any court of record, on the trial of a cause, and ten cents for each mile traveled in going and returning by the nearest traveled route, to be paid out of the county treasury of the county, on the certificate or order of the clerk or judge of such court."

We think it very clear that this statute was intended to limit the compensation to the days of actual attendance. It is the contention of the relators that the statute provides for two classes of payments,—one for attendance upon any term of the circuit court; and the other, attendance before any court of record on the trial of a cause. Assuming this to be true, the compensation is limited to each day's attendance. If it be said that the juror is entitled to attendance for the entire term, the compensation could not be cut off, except by an actual adjournment of the court without day. The jury could not be excused, and the court continue in session for the disposition of nonjury cases. We think, in actual practice, no such interpretation has ever been given to the statute. The only other permissible construction is that the juror is entitled to pay for the time actually in attendance upon the court, and that for any period during which he is excused from attendance definitely he is not entitled to pay. A similar statute has been given this construction by the supreme court of California. See *Jacobs* v. *Elliott*, 104 Cal. 318 ( 37 Pac. 942 ); *Mason* v. *Culbert*, 108 Cal. 247 ( 41 Pac. 464 ).

The order directing a *mandamus* to issue will be reversed, but, as the case appears to have been presented to determine a doubtful question of practice, no costs will be awarded to either party.

HOOKER, C. J., MOORE and GRANT, JJ., concurred. LONG, J., did not sit.