[Civ. No. 6603.   First Appellate District, Division Two.—December 31, 1928.]

FIRST NATIONAL BANK IN OAKLAND (a Corporation), Petitioner, v. F. W. FOSS, as Treasurer of Alameda County, et al., Respondents.

Orrick, Palmer & Dahlquist for Petitioner.

Earl Warren, District Attorney, and Agnes R. Polsdorfer, Deputy District Attorney, for Respondents.

NOURSE, J.—This is a controversy without action in the form of a petition for a writ of mandate submitted upon an agreed statement of facts under the provisions of sections 1138 and 1140 of the Code of Civil Procedure. In accordance with the terms of the Public Moneys Deposit Act of 1927 (Stats. 1927, p. 1389) the respondent Foss, as county treasurer of the county of Alameda, duly deposited with the petitioner herein as an inactive deposit the sum of $200,000 belonging to or in the custody of the county of Alameda, taking as security therefor certain treasury notes or bonds of the United States and of the state of California. Thereafter said respondent notified petitioner that the security so deposited was inadequate and requested petitioner to

deposit additional security of the value of $1,000. Petitioner tendered to said respondent, as such additional security, a valid and outstanding bond of the Acquisition and Improvement District No. 28 of the county of Los Angeles which had been duly issued under the provisions of the act of May 23, 1925. (Stats. 1925, p. 849.) Said respondent accepted said bond as sufficient security for the purposes, subject, however, to the approval of the district attorney of said county of Alameda as required by the Public Moneys Deposit Act. Said district attorney, the respondent Warren, refused to approve said bond upon the ground that it was not a bond authorized by law to be received by public officers as security for the deposit of public moneys. This is the single question at issue in this proceeding, which prays for a writ of *mandamus* to require the respondent Foss to accept and the respondent Warren to approve the bond referred to.

The Public Moneys Deposit Act of 1923 (Stats. 1923, p. 25) authorized the deposit in banks of the funds of counties and municipalities only. As security for such deposits the treasurer was authorized to accept "treasury notes or bonds of the United States, or of this state or of any county, municipality, school district or irrigation district within this state" (sec. 4). This act was repealed by a new enactment of 1927 (Stats. 1927, p. 1389), which was made applicable to the deposit of the funds of counties, municipalities, and other political subdivisions. Section 4 of the act of 1927 enumerated the kinds of bonds acceptable as security for such deposits. This section reads: "For the security of inactive deposits there shall be deposited with such treasurer treasury notes or bonds of the United States, or of this state or of any county, city and county, city, town, municipal utility district, flood control district, school district or irrigation district within this state, which bonds shall be approved by the treasurer and attorney of the county, city and county, city, town, municipality or other political subdivision."

Acquisition and improvement districts are organized and maintained under the act of 1925 (Stats. 1925, p. 849). This act provides a complete scheme for the creation and management of such districts, including the raising of funds for the purposes of the districts, the issuance of bonds evidencing the indebtedness, and the payment of the expenses of

operation, including the principal and interest on the bonds so issued. Section 45 of this act, having particular reference to such bonds, reads: "Any bonds which shall be issued under the provision of this act shall be legal investments for all trust funds, and for the funds of insurance companies, banks, both commercial and savings, and trust companies, and for state school funds, and whenever any money or funds may by any law now or hereafter enacted be invested in bonds of cities, cities and counties, counties, school districts or irrigation districts within the state of California, such money or funds may be invested in the said bonds issued under this act and in accordance with its provisions, and whenever bonds of cities, cities and counties, counties, school districts or irrigation districts within this state may by any law now or hereafter enacted be used as security for the performance of any act or the deposit of any public moneys, the said bonds issued under this act and in pursuance of its provisions may be so used."

While this act was in full force and effect, and while districts were organized and bonds were issued in accordance with its terms, the legislature, in 1927, amended the Public Moneys Deposit Act as above noted, and added to section 13 thereof an express repeal of the act of 1923 "and all acts amending said act and all acts and parts of acts in conflict with this act." Does this section repeal, expressly or by implication, the provisions of section 45 of the Acquisition and Improvement Act of 1925 relating to the use of bonds of such districts as security for public deposits?

Manifestly there is no express repeal as the improvement act is not mentioned either in the title or in the body of the deposit act and the latter only purports to repeal such acts or parts of acts as are in conflict with it. Now, there is nothing in either act which is in conflict with the other.

The deposit act prescribes the procedure for the deposit of public moneys of certain public agencies and enumerates the kinds of bonds which may be accepted as security. It does not purport to make this enumeration exclusive of all others—that is to say, it does not provide that such bonds and no others may be received as such security. When, therefore, the legislature, by other enactment, expressly makes other bonds acceptable for these purposes, it merely adds to the enumeration herein, but there is not the conflict

between the two enactments which makes the one repugnant to the other, but both may be read together as one enactment.

To hold that the provisions of the improvement act were repealed by implication it would be necessary to find that the two acts are so inconsistent that effect cannot be given to both. The rule to be followed in such cases is found in *Hilton* v. *Curry*, 124 Cal. 84, 87 [56 Pac. 784], where it is said: "Repeals by implication are not favored in the law, and whenever there are two statutes upon the same subject courts will endeavor to harmonize them so that, if possible, effect may be given to the provisions of each. It is only when there is a repugnancy or inconsistency between the two that the later act will be held to repeal the prior one." The same rule is differently expressed in *Railroad Co.* v. *Riley*, 192 Cal. 54, 57 [218 Pac. 415], "Repeals by implication are not favored and are recognized only when there is an irreconcilable conflict between two or more existing legislative enactments," and in *Chicago M. & St. P. Ry. Co.* v. *United States*, 127 U. S. 406, 409 [32 L. Ed. 180, 8 Sup. Ct. Rep. 1194], "When there are two acts or provisions of law relating to the same subject, effect is to be given to both, if that be practicable. If the two are repugnant, the latter will operate as a repeal of the former to the extent of the repugnancy. But the second act will not operate as such repeal merely because it may repeat some of the provisions of the first one, and omit others, or add new provisions. In such cases the later act will operate as a repeal only where it plainly appears that it was intended as a substitute for the first act. As Mr. Justice Story says (*Wood* v. *United States*, 16 Pet. (U. S.) 242 [10 L. Ed. 987]), it 'may be merely affirmative, or cumulative or auxiliary.' "

Here we have a statute of 1923 which provides that county, municipal, school, and irrigation district bonds may be used as security for certain public deposits. In 1925 the legislature, without expressly amending this act, but in an entirely separate enactment, provided that improvement bonds could be used as such security whenever county, municipal, school, or irrigation district bonds are authorized to be so used "by any law now or hereafter enacted." There is certainly no "irreconcilable conflict" between the act of 1923 and that of 1925. The later act merely adds to the

list of securities which are available for the purposes of the earlier act. By the amendment of 1927 additional bonds were added to this list, but without reference to the improvement act of 1925 or to the bonds issued under it. Though new bonds were added, the bonds of counties, cities, school and irrigation districts were retained. Thus the provisions of the improvement act that the bonds issued under it should be available whenever the bonds of counties, cities, school, or irrigation districts should be made available are wholly consistent with the provisions of the act of 1927, particularly as the legislature did not use any language in the act of 1927 which indicated an intention to limit the security to the bonds enumerated therein.

We find no conflict between the two enactments but we are satisfied that the one is merely cumulative of or auxiliary to the other. We therefore follow the rule so well expressed in *Cohn* v. *Isensee,* 45 Cal. App. 531, 537 [188 Pac. 279, 282], "that all consistent statutes which can stand together, if related to the same subject shall be construed together, and with reference to the whole system of which they form a part, and shall be harmonized, and effect given to all, if this can consistently be done, so as to make the law consistent in all its parts and uniform in its application and results."

Let a peremptory writ issue as prayed.

Koford, P. J., and Sturtevant, J., concurred.