[S. F. No. 3266. In Bank.—January 3, 1903.]

## ANDREW JACKSON, Respondent, v. HARRY BAEHR, Auditor, etc., Appellant.

FEES OF JURORS IN CRIMINAL CASES—CONSTRUCTION OF CODE.—Section 1143 of the Penal Code providing for the payment of the "fees of jurors for each day's attendance" in criminal cases in the superior courts, means the attendance of the jurors lawfully summoned and present in court, in answer to the call thereof, whether sworn to try any case or not, and without regard to their qualifications to serve as jurors.

ID.—MODE OF PAYMENT—"GENERAL FUND"—EXHAUSTION OF SPECIAL FUND—MANDAMUS.—The fees of jurors are required by section 1143 of the Penal Code to be paid out of the "general fund" of the county, or city and county, upon warrants drawn by the auditor upon the treasurer. The fact that the board·of supervisors of the city and county of San Francisco had set apart a special fund for the fees of trial jurors in criminal cases, and that this fund was exhausted, is no defense to a mandamus to compel the auditor to draw his warrant upon the county treasurer for fees of jurors for each day's attendance upon the court.

ID.—CONSTITUTIONAL LAW—TITLE OF SECTION—UNIFORMITY OF OPERATION.—Section 1143 of the Penal Code is not unconstitutional either on the ground that the subject is not expressed in the title, or on the ground that it is not uniform in its operation.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Carroll Cook, Judge.

The facts are stated in the opinion.

William H. Cobb, for Appellant.

Barnes & Farquar, for Respondent.

COOPER, C.—This is a proceeding for a writ of mandate against defendant, as auditor, to compel him to draw his warrant in favor of petitioner for twenty-six dollars, for attendance as a juror in the superior court for the trial of criminal cases for a period of thirteen days. The court gave judgment for plaintiff, and this appeal is from the judgment on the judgment-roll. The verified petition is not denied, and it therein appears substantially as follows: Plaintiff, in the

month of March, 1902, was summoned as a regular juror in Department Twelve of the superior court, and his attendance was required therein for the trial of criminal cases. He was in attendance during said month for a period of thirteen days, but only served in the jury-box in the trial of cases for three days of said time. During the other ten days he was in attendance upon court each day, but was either excused or not impaneled upon any jury. The judge of the superior court made a written order, after the expiration of said thirteen days, approving plaintiff's demand and ordering the treasurer of the city and county of San Francisco to pay it. This order was duly presented to defendant, as auditor, and he indorsed it, "Allowed April 18, 1902, payable out of the general fund."

Thereafter, upon demand being made by plaintiff, the defendant refused to draw his warrant upon the county treasurer for said sum or any part thereof, and the same has not been paid. There is money in the general fund of the city and county sufficient to pay the said claim and all proper demands. The question for determination is as to whether or not a juror in attendance upon the superior court in criminal cases is entitled to two dollars per day under the law for such services.

The question as to jurors' fees, under different statutes, has been before this court several times before. In *Hilton v. Curry*, 124 Cal. 84, it was held that the right to compensation for service of a juror in a civil case is purely statutory, and in the absence of any provision upon the subject the juror is not entitled to any compensation for services.

In *Birch v. Phelan*, 127 Cal. 49, the same rule was held as to the claim of a juror for services in criminal cases, following *Hilton v. Curry*.

After these decisions, and in March, 1901, a new section was added to the Penal Code, numbered 1143, which provides as follows:—

"The fees of jurors in the superior courts of the state, in criminal cases, shall be two dollars, in lawful money of the United States, for each day's attendance, and mileage, to be computed at the rate of fifteen cents per mile for each mile necessarily traveled in attending court, in going only. Such fees and mileage shall be paid by the treasurer of the county,

or city and county, in which the juror's services were rendered, out of the general fund of said county, or city and county, upon warrants drawn by the county auditor upon the written order of the judge of the court in which said juror was in attendance, and the treasurer of said county, or city and county, shall pay said warrants. The board of supervisors of each county, or city and county, is hereby directed to make suitable appropriation for the payment of the fees herein provided for.

"Sec. 2. This act shall take effect July first, nineteen hundred and one."

The legislature evidently intended by the above section to provide for the compensation of jurors in attendance on the superior courts in criminal cases.

The appellant concedes that plaintiff is entitled to pay under the above section for the days during which he was sworn and actually sat upon the trial of a case. In his brief it is said: "He went to court thirteen days, three days of which he was sworn, and sat as a trial juror in criminal cases, and the remaining ten days he was excused or was not called into the jury-box. His right to be paid for three days is conceded, and respondent has at all times been willing to draw a warrant therefor when money is provided to pay the same. His claim for the other ten days is refused allowance on the ground that, from his own showing, during such time petitioner was not in attendance as a juror in criminal cases."

Appellant contends, with apparent earnestness, that a juror is one who has been sworn in the jury-box to try a case, and that during the ten days in which plaintiff was in attendance and not sworn he was not a "juror in the superior court."

We do not think the ends of justice, nor the rules of construction of the English language, require of us any such narrow definition of the word "juror." In Bouvier's Law Dictionary (Rawle's revision) a juror is defined: "Any person selected and summoned according to law to serve in that capacity, whether the jury has been actually impaneled and sworn or not;" and our code evidently treats a person selected and summoned and in attendance as a juror. It provides that a juror shall not be excused for slight or trivial cause (Code Civ. Proc., sec. 201); that the court shall designate by order

the number of grand jurors and trial jurors (sec. 204); what the list of jurors shall contain (sec. 206); the persons whose names are returned shall be known as regular jurors (sec. 210); that the court in certain orders for drawing a jury shall specify the number of jurors to be drawn (sec. 214); and that when there are not enough competent jurors present to form a panel, the court may order a special venire (sec. 227).

And this court said in *Mason* v. *Culbert*, 108 Cal. 249: ''A juror may be in attendance upon court without being impaneled to try any cause, and for every day of such attendance the statute authorizes him to be compensated. The *per diem* provided by the statute is not intended to be in the nature of a salary for the time he is serving as a juror, or as wages for trying a cause, but rather as a compensation for the time during which he is withdrawn from his ordinary vocation and in actual attendance upon the court.''

We therefore hold that under section 1143 of the Penal Code, the ''fees of jurors for each day's attendance'' means the attendance of the jurors lawfully summoned and present in court in answer to the call thereof, whether sworn to try any case or not.

Appellant's counsel seems to fear the consequences of this interpretation, and says, if a person so in attendance can draw jury fees, ''We are liable to find aliens and those who are ineligible for jury service summoned to court and attending until their disability is discovered, for the sole purpose of being excused or not called into the jury-box. If petitioner's contention is correct, they would nevertheless receive and be entitled to the regular *per diem*.'' He then draws an imaginary case of a political judge, and a whole panel being drawn for the purpose of answering the roll-call and getting pay. It will be sufficient to deal with such a case if it ever comes up. We must presume that the judge will do his duty and obey the laws, and so we must presume of the sheriff. If any alien or ineligible person should be drawn and his attendance required, through mistake or accident, he should be paid for the time during which the court, through no fault of his, has taken him from his daily vocation and compelled his attendance. It is claimed by the defendant that the board of supervisors has set apart $16,000 for trial jurors in criminal cases,

and that this fund is exhausted. That he is expressly forbidden by the charter of the city and county to draw any warrant except upon an unexhausted specific appropriation. It is sufficient, in answer to this, to say that the superior courts are state courts, and criminal cases concern the state and are state affairs. The statute provides that the fees of jurors shall be paid "out of the general fund of said county, or city and county."

The allegation in the petition that there is money in the general fund of the city and county more than sufficient to pay the demand is not denied.

Nor is the section unconstitutional. It relates to jurors' fees, and the subject is expressed in its title. It is none the less an act in regard to jurors' fees because it deals with such fees in criminal cases only. Nor is it subject to the objection that it is not uniform in its operation. It applies equally to all persons who are summoned as jurors in criminal cases in the superior courts. Such persons are embraced in a class founded upon a reasonable and natural distinction. If persons should be summoned to serve as jurors in the superior court, and there should be both civil and criminal cases on the calendar for trial, the court would have to determine whether the attendance in any particular instance was in a criminal or in a civil case. It is sufficient here that it appears that the attendance was in criminal cases.

It follows that the judgment should be affirmed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

Van Dyke, J., Garoutte, J., Harrison, J., McFarland, J.