F. A. MARVIN, Plaintiff, v. THE DISTRICT COURT OF POLK
    COUNTY, and JOSIAH GIVEN, Judge thereof.

Certiorari: CONTEMPT: INFLUENCING JUROR. The court has power
    under Code, section 4461, to punish for contempt an attempt to in-
    fluence a juror of the general panel made prior to the time he
    was sworn to try the particular case.

### THURSDAY, JANUARY 12, 1905.

CERTIORARI proceedings originally brought in this court
to review the action of the district court of Polk county, Hon.
Josiah Given, Judge, in respect of certain contempt proceed-
ings had in that court, and wherein this plaintiff was ad-
judged to be guilty of a contempt of court, and by the judg-
ment ordered to pay a fine and costs.— *Dismissed.*

*Connor & Weaver* and *Bremner & Shuler,* for plaintiff.

*W. H. Baily* and others, for defendants.

BISHOP, J.—The return to the writ issued out of this
court makes it appear that in October, 1903, an information
was filed in the district court of Polk county charging this
plaintiff with a contempt of court, for that well knowing that
one John Fletcher was a juror duly summoned, drawn and
sworn as one of a jury in a civil case wherein one Lewis was
plaintiff and Jesse O. Wells was defendant, then pending and
on trial in said district court, he did willfully and knowingly
attempt to improperly influence said juror to render a verdict
in said cause by conversing with him about said cause, and
the merits thereof, and soliciting said juror to favor the de-
fendant in said cause in the verdict to be rendered therein.
Upon the filling of such information a rule issued, and in re-
sponse thereto this plaintiff appeared, and made answer in

writing and under oath, in which he denied all and singular the allegations in the information contained. A motion for discharge based upon the denials contained in the answer was made and overruled, and thereupon trial was had on oral testimony produced in open court, resulting in a finding of guilt and the entry of judgment for a fine and costs.

The contentions of plaintiff in this court are, in substance, two: First, that the district court erred in overruling the motion to discharge; second, in finding plaintiff guilty, for the reason that the evidence shows that at the time it is alleged plaintiff attempted to improperly influence said Fletcher he was not a juror sworn in said case, but a member of the regular panel, and there was therefore a fatal variance, and a failure of proof.

I. The questions arising out of the motion to discharge are identical in all respects with those raised and disposed of adversely to the contentions of plaintiff in the case of *M. Drady v. District Court,* 126 Iowa, 345, an opinion in which case has been filed at the present term. We need go no father than to say that in the respect now in question this case must be ruled by the holding in the case cited.

II. By section 4461 of the Code it is provided that " any court of record may punish the following acts or omissions as contempts: * * * (4) Bribing, attempting to bribe, or in any other manner improperly influencing or attempting to influence a juror to render a verdict, or suborning or attempting to suborn a witness." Counsel for plaintiff make the contention that the word " juror," as used in said section, does not embrace members of the general jury panel who have not been sworn to try an issue of fact in a particular case. We think there is no merit in the contention. What the legislature intended was to prevent any attempt to influence the results of jury trials by improper means. A jury in each case is made up, of course, from the persons drawn and summoned to act as jurors, and it would be absurd to say that one having a case for trial might resort to any system of

" jury fixing," or make use of any .means in his power to make certain the result of his case, without incurring liability for contempt, provided his work was done before a jury had actually been drawn and sworn to try his case.   As well say that within the law of contempts there could be no such thing as suborning a witness until after he had been actually sworn as such.   To ascribe to the legislature any such intention would require a presumption altogether too violent to be indulged in.   The contention that there was a failure of proof because that Fletcher had not at the time been sworn as a juror to try the Wells case is also without merit.   The essential element of the charge made was an attempt to improperly influence the course of justice as administered through .the medium of a jury trial; that such attempt was made in anticipation that the juror approached might have a voice in determining what the verdict in a particular case ·should be.   The intent behind the act and the offensiveness thereof were the same whether the juror had taken his seat in the jury box or was in waiting subject to a call for service. In either case the act was within the prohibition of the statute.   The variance was therefore immaterial.   The evidence taken upon the trial was conclusive as to the guilt of plaintiff, and we are not asked to disturb the finding of the district court on that ground.— *Dismissed.* ·