6941

## STATE v. MADDOX.

1. DEMURRER—MOTION TO QUASH.—Remedy for defective statement in one count of an indictment charging corruption of juror, in that it did not state what constituted the gift or gratuity offered the juror, is by demurrer or motion to quash.

2. A JUROR verbally summoned by a constable to appear and sit in a case to be tried by the intendant of a town for violating a town ordinance may be approached by another with a view to corrupt him or bias his judgment by offering to give him fifteen or twenty good paying customers if he would clear the accused.

Before DANTZLER, J., Marlboro, October Term, 1907. Affirmed.

Indictment against W. C. Maddox, charged with corrupting a juror. From sentence on verdict of guilty, defendant appeals.

*Messrs. Livingston* and *Muller* and *J. W. LeGrande,* for appellant, cite: *At the time of the alleged approach of the juror he was not a juror chosen or appointed:* 88 Fed., 882; 12 Wash., 53. *Gift defined:* 14 Ency., 1008. *Gratuity defined:* 14 Ency., 1116. *A count which does not allege the acts constituting the offense is defective:* 95 N. C., 685; 16 So., 63; 77 N. W., 495; 9 So., 922; 38 S. W., 75.

*Assistant Attorney-General M. P. DeBruhl* and *Solicitor J. M. Spears,* contra. *Mr. DeBruhl,* oral argument.

July 7, 1908. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The defendant was convicted and sentenced under an indictment containing two counts. The first count charged the defendant "did unlawfully attempt to corrupt a juror by offering and promising said juror the trade of certain customers under the control of said W. C.

Maddox, with intent to bias the opinion of said juror and to influence the decision of such juror in a cause then and there pending and to be tried before the court of the intendant of the town of McColl." The second count charged that the defendant "did attempt to corrupt jurors who had been legally drawn to serve as jurors in a case then and there pending, to be tried in the court of the intendant of the town· of McColl, in the aforesaid county and State, and did offer and promise said jurors rewards and gratuities, with intent to bias the opinion and influence the decision of said jurors in relation to a cause then and there pending in the aforesaid court."

The statute under which the case falls is section 263 of Criminal Code, which provides for the punishment of anyone who "corrupts, or attempts to corrupt, any juror, arbitrator, umpire or referee, by giving, offering or promising any gift or gratuity whatever, with intent to bias the opinion or influence the decision of such juror, arbitrator, umpire or referee, in relation to any cause or matter pending in the court," etc.

Error is alleged in the refusal of the Circuit Judge to charge that the second count was fatally defective, in not stating what constituted the gift or gratuity offered to the juror. As the omission alleged as a defect was apparent on the face of the indictment, it could be available to defendant only by demurrer or motion to quash before the jury was sworn, and not by request to charge. Criminal Code, section 57.

The defendant's counsel contend for a reversal mainly on these two grounds: (1) that Smoot, whom the State alleged the defendant had attempted to corrupt, had not become a juror when the proposition was alleged to have been made to him by the defendant; and, (2) that the proposition testified to by Smoot did not amount to an offer or promise of a gift or gratuity under the statute.

The mayor of the town of McColl was about to try one Stutts for disorderly conduct. The six jurors were selected

in accordance with the proceedings required by section 987 of Civil Code. Smoot was one of the jurors so selected, and on verbal notice from the constable had repaired to the place of trial. There, before Smoot was sworn, the alleged proposition was made.

For some purposes the actual taking of the oath may be essential to constitute a juror. The solemnity of an oath is required by law to emphasize the dignity and responsibility of the position of a juror, and no man can be required to submit his rights to an unsworn jury. But the purity of those selected as jurors is as important in the administration of law before they are sworn as after. There cannot be the least doubt that as soon as a citizen is designated by law as one chosen to sit as a juror, he falls within the letter as well as within the spirit of the statute. One of the familiar definitions of a juror is: "Any person selected and summoned according to law to serve in that capacity, whether the juror has been actually empanelled or not." Bouvier's Law Dictionary (Rawle's Revision). We are not called on to decide whether the verbal notice of the constable was a sufficient summons to the juror. That question could only be made by the juror himself. It cannot avail the defendant that the juror chose to respond to the verbal notice without insisting on a more formal summons.

The other point is equally free from doubt. The witness, Smoot, testified: "I went up at the time the case was to be called and walked to the room door, and the lawyers were still busy together on some matter, and I started back down stairs, and just as I turned from the door I turned right on Mr. Maddox, and he says: 'I want to see you a minute,' and called me off in the hall, right outside of the trial justice's or town council room door, and just as we stepped off a few steps, and about that time there were several men coming up the steps and got to the head of the steps, coming up, I suppose, to the trial, and he said: 'Several people are coming up, let's go into this room.' There is a vacant room right next to the one they held the trial in, and as we walked in

that room, he says: 'This boy has not done a damn thing;' and he says, 'I am on his bond;' and he says, 'I am going to stick to him to the last;' and he says, 'I have sold out my business, lock, stock and barrel.' At the time he had his finger on my breast like that (indicating), and he says, 'I want you to do all that you can for this boy; I want you to clear him for me, and if you will, I have got between fifteen and twenty good-paying customers that have been trading with me, and I will carry them all down there and put them to trading with you, and wherever I say trade they will trade.' I told him as far as the Lord gave me brains to decide between right and wrong, that that was the way I would decide."

The view of the defendant's counsel is that a gratuity, as well as gift, means some tangible thing given without claim or demand. The term "gift" does usually denote something tangible, but gratuity is a larger term, and embraces not only tangible things, but services or any benefits of pecuniary value bestowed without claim or demand. Clearly, according to Smoot's testimony, the services which defendant proposed to perform were offered without claim or demand on Smoot's part, and were intended to influence his decision as a juror.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.