Robinson, J.
 

 The defendant in error, Mary Rogers, was serving as a petit juror in Hamilton county on October 23,1923. When she was dismissed
 
 *135
 
 for the day, the operation of the elevators in the court house, because of the lateness of the hour, had been discontinued and she was obliged to walk down the steps. While descending the steps, she fell, fracturing her hip. She filed a claim with the Industrial Commission, which was denied on the ground that she was not an employee of the county or state, within the purview of the Workmen’s Compensation Act. An appeal was taken to the court of common pleas, and a petition filed. The Industrial Commission filed a demurrer to the petition, which was overruled. An answer was filed and the case was heard on its merits, without the intervention of a jury. A judgment was rendered in favor of the defendant in error for $10 per week, from November 1, 1923, to January 17, 1931, and in addition $292.02 for hospital expenses, $225 for medical services, and $425 for attorney fees. This judgment was affirmed, by the Court of Appeals.
 

 The lower courts held that the juror was a person in the service of the state of Ohio and the county of Hamilton, under an appointment of hire, under Section 1465-61, General Code, and that she was not, as such juror, an official of the state, or of the county, within the exception of that section.
 

 The question is a close one and is likewise a new one. Section 1465-61,
 
 supra,
 
 quite definitely extends the benefits of the Workmen’s Compensation Act to all persons in the service of the state or of any county “under any appointment or contract of hire, * * * except any official of the state, or of any county,” and the two questions here presented are whether a juror is a person in the public service of the state or county under an appointment of hire,
 
 *136
 
 and, if so, whether he, as an official, comes within the exception of that section.
 

 There are many definitions of an “officer,” none of which is sufficient to determine the status of every agency through which the state acts; but the outstanding characteristic common to all definitions of an officer is the possession by him of some sovereign power.
 

 It is the contention here of the Industrial Commission that a juror in Ohio is a
 
 quasi
 
 officer, because it is asserted that he performs some of the functions of a sovereign; yet it is conceded by the Industrial Commission that all deputies, assistants, and clerks of officers fall within the class of employees in the service of the state or county under an appointment of hire, and do not fall within the exception as to officers. We are unable to see the distinction. We recognize that jurors, as assistants to the court, find facts and render a verdict upon which a judgment may be entered, and the rendition of a judgment thereon authoritatively determines rights of individuals and rights of the state; but the force, authority, finality, and effectiveness of a verdict is wholly dependent upon the judgment entered thereon by the court. The hearing of evidence, the weighing of evidence, and the verdict of the jury are steps in the progress of the cause in court for determination, and essential thereto, but not more so than the filing of the pleadings and the issuing of process by a deputy clerk, and the service of process by a deputy sheriff, and may be as effectively waived; and, whatever may be said of the operative force and sovereign character of some of the acts of deputy clerks and deputy sheriffs, the verdict of a jury has no oper
 
 *137
 
 ative force until a judgment is entered thereon by the court. While the verdict of the jury contributes to the jurisdiction and power of the court to enter the judgment, the act of sovereignty, the authoritative establishment of rights, is performed by the court.
 

 While the exercise of the function of a juror contributes to the jurisdiction and power of the judge to perform a sovereign act, just as the performance of duty by innumerable deputies, clerks, and assistants to other officials contributes to the jurisdiction and power of such official to perform sovereign acts, it falls short of an exercise of sovereign power by its lack of power to make its verdict an independent, self-supporting finality. A juror possesses no sovereign power, and, since it is not claimed that he has any other characteristic of an officer, he is not an officer within the exception of Section 1465-61, General Code.
 

 Jurors in Ohio are selected by a jury commission; their names are placed in a wheel, and they are blindly drawn out of the jury wheel as they are needed. By their manner of drawing, an element of chance enters into their final selection, but when drawn, their selection by the jury commission becomes a definite appointment for such service. There is no element of chance in the mode of selection by the jury commission for deposit in the wheel. They are selected with reference to their judgment and qualifications as jurors, and with reference to their geographical location; and when they are drawn from the wheel, their definite selection is accomplished.
 

 We are unable to draw a distinction between the
 
 *138
 

 selection
 
 of a juror by the jury commission and the
 
 appointment
 
 of such juror by the jury commission; nor are we able to interpret such selection or appointment as being any the less a selection or appointment, because an element of chance enters into the determination of whether the selection or appointment of such juror shall eventually result in his being required to perform jury service. His appointment however, differs from the appointment of deputies, clerks, and assistants to other officers, in that such deputies, clerks, etc., are appointed to positions provided for by law, at a compensation fixed by law or in a manner provided by law, and are at liberty to accept or decline such an appointment. A juror is appointed to a position created by law, for a compensation fixed by law, but has no option to decline such appointment. Does that fact so distinguish a juror from every other public employee, other than officers, as to require a holding that, while a juror is appointed, he is not appointed
 
 for hire?
 
 For we agree with the commission that the words “of hire” in Section 1465-61 qualify the word “appointment” as well as the word “contract.”
 

 The commission seems to have arrived at the conclusion that the appointment was not “of hire” by the process of reasoning that since the juror has no option to decline the appointment, and the compensation provided for jurors is so meager that, generally speaking,' it does not represent adequate compensation, he therefore does not serve for the purpose of receiving such compensation, but serves only because he cannot escape such service. While that process of reasoning would not operate to defeat the claimant in the instant case, since she had served be
 
 *139
 
 yond the compulsory period, and had not exercised her option to decline to perform further jury service, we do not rest our decision upon the peculiar facts of this case.
 

 While, theoretically, ’ every person labors of his own free will, in reality, man labors for a reward, and accepts it, whether he ascribes his breaking of stone to a purpose to earn a wage, or a purpose to build a temple. Provision for the payment of jurors for jury service is made by law, and jurors generally accept such compensation for such service. Indeed, the state would be powerless to compel such service without affording compensation. The Legislature having fixed the compensation, it does, not lie within the power of an administrative body to determine that such compensation is inadequate; nor does the fact that the juror has no option to decline such appointment render the appointment any less one for hire, since theoretically the consideration provided by law for the service is adequate.
 

 There is another question, of less importance, involved in this case. The court awarded the sum of $517.02 for “actually necessary medical, nurse and hospital services and medicines.” It is contended by the commission that the right of the claimant for reimbursement for such expenditure up to two hundred dollars is hers as a matter of law, but in any sum in excess thereof it may only be allowed as a matter of grace by the Industrial Commission.
 

 We cannot subscribe to that theory. We have repeatedly held that a claimant does not approach the Industrial Commission for compensation as a suppliant, but demands compensation as of right; that the Industrial Commission is not authorized to
 
 *140
 
 award compensation as a favor, but is only authorized to award it where the right to demand it exists; that it has no discretion to award or deny; that it is a fact-finding body, and out of its finding of fact the existence or nonexistence of the right to receive arises as a matter of law. Necessarily the trial court, before entering judgment, must have found the fact to be that the expenditure of $517.02 was actually necessary.
 

 At the time the cause of action arose in this case, to wit, in 1923, the jurisdiction of the court upon an appeal from an order in respect to compensation was as broad as the jurisdiction of the Industrial Commission. Section 1465-90 as it then existed (109 Ohio Laws, 296), provided for an appeal to the common pleas court, that “the appellant shall file a petition in the ordinary form against such commission as defendant, and further pleadings shall be had in said cause, according to the rules of civil procedure. The industrial commission of Ohio shall certify with its answer a transcript of its record * * * and the court * * * shall determine the right of the claimant upon the evidence contained in such record and no other evidence and if they determine the right in his favor,
 
 shall fix his compensation
 
 within the limits under the rules prescribed in this act; and any final judgment so obtained shall be paid by the industrial commission of Ohio out of the state insurance fund in the same manner as such awards are paid by such commission.”
 

 Section 1465-89, General Code, read then as it reads now. So that at that time the jurisdiction of the court of common pleas with reference to fixing the compensation of. an injured employee was as
 
 *141
 
 wide as the jurisdiction of the Industrial Commission in that respect; and the provision of Section 1465-89, “upon unanimous approval by such commission, ’ ’ did not limit the jurisdiction conferred by Section 1465-90 upon the court of common pleas. It only related to the degree of proof required to entitle the claimant to an allowance of medical, nurse, and hospital services, and medicines, in excess of the sum of two hundred dollars, by the commission, to wit, a degree of proof of actually necessary expenditure in excess of two hundred dollars that would so far convince all the members of the commission as to induce all of them to join in an order to reimburse for such expenditure. To hold otherwise would require an interpretation of the statute, in that respect, as vesting in the commission an absolute discretion to allow or withhold, which is illogical and inconsistent with any theory of the function of such commission, or the purpose of the insurance fund, and would raise a serious constitutional question as to the power of the Legislature to compel contribution to a fund to be distributed in a manner other than to persons entitled to receive it as a matter of right.
 

 Judgment affirmed.
 

 Kinkade, Jones, Matthias, Day and Allen, JJ., concur.
 

 Mausttalu, C. J., concurs in propositions one and two of the syllabus.