*367
 
 Zimmerman, J.
 

 Both of the lower courts founded their judgments principally upon the holding of this court in the case of
 
 Industrial Commission
 
 v.
 
 Rogers,
 
 122 Ohio St., 134, 171 N. E., 35, 70 A. L. R., 1244, that “a juror, while in service as such, is in the service of the county under an appointment of hire,” and if injured during that time, in connection with his duties as a juror, is entitled to be compensated from the state insurance fund.
 

 We stated in that case that the question was a close one. In permitting recovery in the
 
 Rogers case,
 
 Section 1465-61, General Code, covering those engaged in public employment, was held to apply, and the contention is made that it applies with equal force in the instant case. The pertinent part of that statute is as follows:
 

 “The term ‘employee,’ # * * as used in this act, shall be construed to mean:
 

 “1. Every person in the service of the state, or of any county, city, township, incorporated village or school district therein, * * * under any appoint-
 

 ment or contract of hire, express or implied, oral or written, except any official of the state, or of any county, city, township, incorporated village or school district therein.”
 

 Under the quoted section, if applicable, the defendant in error should be treated as an “employee” and not as an “official.”
 

 Before a recovery can be sanctioned in the proceedings under consideration, we must find that the relationship of employer and employee existed between Muskingum county and the defendant in error, and that the defendant in error was in the service of such county under an appointment or contract of hire.
 
 Industrial Commission
 
 v.
 
 Bateman,
 
 126 Ohio St., 279, 185 N. E., 50.
 

 Defendant in error became an appraiser by virtue of Section 12064, General Code, relating to replevin
 
 *368
 
 actions, which reads: “For the purpose of fixing the amount of the bond, the value of the property taken shall be ascertained by the oath of two or more responsible persons, whom the sheriff shall swear truly to assess its value.”
 

 The manner in which an appraiser in a replevin suit shall be paid for his services is prescribed by Section 3006-1, General Code, which provides that in the cause in which the appraiser has acted compensation shall be taxed in the costs, in the same manner as other costs are taxed.
 

 One outstanding difference between a juror and an appraiser in an action pending in a court of common pleas is thus disclosed. A juror receives his compensation directly from the county in any event, while the compensation of an appraiser in a replevin suit depends wholly upon the receipt of costs in the particular action. If no costs are realized, the appraiser receives no compensation.
 

 The general rule is that the matter of compensation is not usually decisive of the relationship of employer and employee, but the manner or source of payment for services is a circumstance entitled to weight in a case of doubt and may sometimes determine the question. 18 Ruling Case Law, 491;
 
 McCoy
 
 v.
 
 Griffith,
 
 196 Ky., 406, 244 S. W., 871;
 
 County of Los Angeles
 
 v.
 
 Industrial Accident Commission,
 
 123 Cal. App., 12, 11 P. (2d), 434;
 
 Corbin v. American Mills,
 
 27 Conn., 274, 71 Am. Dec., 63;
 
 Stevenson
 
 v.
 
 Lake Terminal Rd. Co.
 
 (C. C. A.), 42 F. (2d), 357.
 

 Bearing this rule in mind, we come to a consideration of Section 1465-62, General Code, as in force at the time defendant in error was injured, which reads: “Every employer mentioned in subdivision one of section thirteen hereof
 
 [i. e.,
 
 the state, and each county, city, township, incorporated village and school district therein], shall contribute to the state insurance fund in proportion to the annual expenditure of money
 
 by
 
 
 *369
 

 such employer
 
 for the service of persons described in subdivision one of section fourteen hereof [Section 1465-61, General Code] * *
 

 The language “by such employer” is significant, and is indicative of the kind of “employee” for whose benefit and protection the Workmen’s Compensation Law is designed. We think it reasonable to say that the “employees,” contemplated by Section 1465-61, General Code, are generally of the class which derives its compensation for services directly from public funds disbursed from the public treasury. This must be stated as the general rule. Any other would tend toward confusion and lack of uniformity.
 

 The county is not directly or certainly obligated to pay an appraiser for his services, and he cannot bring suit for such services against the county. It may not be said with any degree of confidence that the work done by an appraiser is of any appreciable benefit to the county as a governmental unit. Certainly the requirement that a sheriff shall swear a person truly to assess the value of property does not
 
 ipso facto
 
 make such person an employee of the county under any appointment or contract of hire with the county. Even in the cases cited from other jurisdictions in which compensation has been allowed a bystander or his dependents for injuries or death suffered by him as a result of being enlisted by a law enforcement officer for assistance in an emergency, the employment under which such bystander has been classed for the purposes of compensation has been one compensable directly from public funds.
 

 Although a liberal construction of the Workmen’s Compensation Law is enjoined upon the courts, it is necessary to go beyond both the letter and the spirit of the law to hold that the relationship of employer and employee between a county and an appraiser in a replevin suit is created or contemplated by it.
 

 Should recovery be permitted in an action of this
 
 *370
 
 kind, the door would be opened wide to all sorts and varieties of actions on the part of those claiming to have suffered injuries or disabilities as public employees.
 

 If it is desired to compensate persons who are injured while acting as appraisers in replevin suits, on the ground that they are public employees, the General Assembly is the agency to say so.
 

 The judgment of the Court of Appeals is reversed, and final judgment rendered for plaintiff in error.
 

 Judgment reversed.
 

 Weygandt, C. J., Allen, Stephenson, Jones, Matthias and Beyis, JJ., concur.