JOCHEN v. COUNTY OF SAGINAW.

WORKMEN'S COMPENSATION—PERSON NAMED FOR JURY SERVICES—EMPLOYEE OF COUNTY.

Plaintiff was not a "person in the service of the * * * county" at time she fell on courthouse steps and broke her hip while en route to courtrooms of the circuit judges pursuant to statutory sheriff's notice that her name had been drawn for service as a petit juror, as she had not then been accepted as qualified for service as such a juror, hence, she was not entitled to workmen's compensation for the injury (CLS 1956, §§ 411.7, 602.136; CL 1948, §§ 602.138, 602.139), per SMITH, EDWARDS, and SOURIS, JJ., and because a juror is not an "employee" of a county as the term is used in the workmen's compensation act (CLS 1956, § 411.7; CL 1948 and CLS 1956, § 602.120 et seq., as amended), per DETHMERS, C. J., and CARR, and KELLY, JJ.

BLACK and KAVANAGH, JJ., dissenting.

Appeal from Workmen's Compensation Appeal Board. Submitted January 4, 1961. (Docket No. 20, Calendar No. 48,798.) Decided September 21, 1961.

Marie Jochen presented her claim against the County of Saginaw and the Michigan Mutual Liability Company, insurer, for workmen's compensation for injuries sustained in fall on inside entry steps of courthouse as she was answering summons to report for jury duty. Award to plaintiff. Defendants appeal. Reversed.

*John P. Murphy, Jr.*, for plaintiff.

REFERENCES FOR POINTS IN HEADNOTES
31 Am Jur, Jury § 64; 58 Am Jur, Workmen's Compensation §§ 121, 153.

*E. G. Poxson, Jr.,* and *James L. Schueler,* for defendants.

SOURIS, J.   Section 7 of part 1 of the workmen's compensation act, CLS 1956, § 411.7 (Stat Ann 1960 Rev § 17.147), provides in part as follows:

"Sec. 7.   The term 'employee' as used in this act shall be construed to mean:

"1.   Every person in the service of the State, or of any county, city, township, incorporated village or school district therein, under any appointment, or contract of hire, express or implied, oral or written, except any official of the State, or of any county, city, township, incorporated village or school district therein, elected at the polls."

The parties to this appeal would have us determine whether or not a petit juror is a county employee within the meaning of section 7 so that if injured in the course of his service as such he would be entitled to receive disability benefits under the act.   Plaintiff fell and broke her hip on the steps just inside the outer doors of the Saginaw county courthouse as she was reporting for jury duty on the first day of the September term of court in 1958. The appeal board of the workmen's compensation department affirmed a referee's award of compensation benefits to plaintiff for her disability on the ground that she was an employee of the county within the meaning of section 7, above quoted, because she was an appointee for hire.

Defendants' counsel cite only 3 court decisions from other jurisdictions in which the question here sought to be reviewed has been considered.   Our independent research failed to disclose any others. The first case cited to us is *Industrial Commission of Ohio* v. *Rogers,* 122 Ohio St 134 (171 NE 35, 70 ALR 1244), in which the supreme court of Ohio in 1930 ruled that a petit juror was an employee of the

county within the meaning of that State's workmen's compensation law. The second case was decided 6 years later by the supreme court of Colorado and resulted in a contrary ruling. *Board of County Commissioners of the County of Eagle* v. *Evans,* 99 Colo 83 (60 P2d 225). The third case merely cited and, without analysis, followed the second. *Seward* v. *County of Bernalillo,* 61 NM 52 (294 P2d 625). The claimants for compensation in all 3 of those cases had been selected to serve, and were actually serving, as jurors when disabled. Mrs. Jochen, on the other hand, was en route to the courtrooms of the circuit judges pursuant to the statutory[1] sheriff's notice that her name had been drawn for service as a petit juror at the September term of court. Whether or not she was exempt from such service[2] or otherwise subject to being excused therefrom[3] had not been determined at the time of her injury, nor could it be determined until she presented herself to the court for determination of her qualification to serve. In short, Mrs. Jochen was injured before she was accepted as qualified for service as a petit juror and, consequently, it cannot be said that at the time of her injury she was a "person in the service of the  *  *  *  county" within the meaning of section 7 of part 1 of the act.

Although appellants submitted to us for determination in this appeal the broader question involved in the Ohio and Colorado cases cited above, we cannot decide, within the limitations of the facts of this case, whether or not a petit juror injured while serving as such is entitled to the benefits of the workmen's compensation act.

Reversed. No costs.

Smith and Edwards, JJ., concurred with Souris, J.

[1] CLS 1956, § 602.136 (Stat Ann 1959 Cum Supp § 27.261).
[2] CL 1948, § 602.138 (Stat Ann 1959 Cum Supp § 27.263).
[3] CL 1948, § 602.139 (Stat Ann 1959 Cum Supp § 27.264).

Kavanagh, J. *(dissenting).* Section 7 of part 1 of the workmen's compensation act, CLS 1956, § 411.7 (Stat Ann 1960 Rev § 17.147), provides in part as follows:

"Sec. 7. The term 'employee' as used in this act shall be construed to mean:

"1. Every person in the service of the State, or of any county, city, township, incorporated village or school district therein, under any appointment, or contract of hire, express or implied, oral or written, except any official of the State, or of any county, city, township, incorporated village or school district therein, elected at the polls."

The parties in this case seek to have us determine whether or not a petit juror is a county employee within the meaning of section 7 so that if injured in the course of such service the juror would be entitled to receive disability benefits under the act.

Plaintiff fell and broke her hip as she was reporting for jury duty on the first day of the September, 1958, term of court. She had ascended the steps leading to the main floor of the Saginaw county courthouse and had passed through the vestibule when she tripped and fell, sustaining the injury. She was to receive *per diem* plus mileage for that day's attendance. She did not receive it because of a rule of the Saginaw county clerk that to be paid for mileage and a day's attendance she must reach the courtroom. The appeal board of the workmen's compensation department affirmed a referee's award of compensation benefits to plaintiff for her disability on the ground that she was an employee of the county within the meaning of section 7, above quoted, because she was an appointee for hire.

The questions raised in the application for leave to appeal and in the appeal itself are: Is a petit juror an employee (as that term is defined in the Michigan workmen's compensation act) of the

county which summoned such person for jury duty? Is interest allowable on an award under the workmen's compensation act when the cause of action arose prior to the date of decision in *Wilson* v. *Doehler-Jarvis,* 358 Mich 510?

Justice SOURIS in his opinion for reversal has written that one drawn and summoned as a petit juror is not a juror until he presents himself to the court for determination of his qualifications to serve. This question was not raised before the hearing referee; was not raised before the appeal board; and is not raised in this Court by either of the parties. The case has been argued and briefed from the beginning on the assumption plaintiff was a properly selected and lawful petit juror at the time of her injury. Plaintiff's exhibit 4 (a questionnaire for jurors) had been completed by her and disclosed no statutory disqualification to serve as a juror.

Before determining whether a petit juror is an employee as defined in the Michigan workmen's compensation act it is necessary to make a determination as to when a party selected becomes a juror. Looking to the various definitions as given by writers and courts, we can and do arrive at a point where we can say the existence of a juror begins.

Although we do not have in Michigan a statutory definition of the word "juror," the statutory language seems clear that those drawn and summoned are considered to be "jurors." CL 1948, § 602.120 (Stat Ann § 27.245), provides that the township supervisor and clerk of each township and the supervisor or assessor, as the case may be, and aldermen of each ward or assessment district in a city shall make a list of persons to serve as petit jurors for the ensuing year. CL 1948, § 602.127 (Stat Ann 1959 Cum Supp § 27.252), provides for the deleting of names of persons serving during the preceding year

and the method of selection of additional names to replace those deleted, the manner in which the county clerk shall file the names in his office, the manner of packaging, and the preparation of the names for drawing.

CL 1948, § 602.128 (Stat Ann § 27.253), provides as follows:

"Sec. 128. The persons whose names shall be so returned shall serve as jurors for 1 year, and until other lists from the respective townships or wards shall be returned and filed."

CL 1948, § 602.130 (Stat Ann § 27.255), provides in pertinent part as follows:

"Sec. 130. At least 14 days before the holding of any circuit court at which such juries shall be required by law, the clerk of the county where such court is to be held shall draw from the petit jurors the names of 24 persons, and any additional number that may have been ordered by the court, to serve as petit jurors."

Other pertinent sections of the statute providing the qualifications of persons listed as jurors, the method of drawing jurors, notice to persons drawn, statutory exemptions, court excusal of jurors, and payment of mileage and *per diem,* are set forth in the footnote.*

50 CJS, Juries, § 1, p 715, defines a juror as "a man who is sworn or affirmed to serve on a jury; * * * any person selected and summoned according to law to serve in that capacity, whether or not the jury has been actually impaneled."

In 31 Am Jur, Jury, § 3, p 9, the following is found:

---

* CL 1948, § 602.121 (Stat Ann § 27.246).
CL 1948, §§ 602.131–602.135 (Stat Ann §§ 27.256–27.260).
CLS 1956, § 602.136 (Stat Ann 1959 Cum Supp § 27.261).
CL 1948, § 602.138 (Stat Ann 1959 Cum Supp § 27.263).
CL 1948, § 602.139 (Stat Ann 1959 Cum Supp § 27.264).
CLS 1956, § 602.147 (Stat Ann 1959 Cum Supp § 27.272).

"Judicial definitions of 'jurors,' 'jurymen,' and 'veniremen,' as the law dictionaries will reveal, are rare. Nevertheless, judicial and legislative usage have given these words definite meanings. The meaning of 'jurors,' however, varies with the context in which it occurs. Most broadly, 'jurors' or 'jurymen' means persons on the jury list or roll— all those persons in a county, city, district, or other area listed for jury service, either permanently or for a definite period such as a year. However, the word is seldom used in this broad sense. Somewhat less broadly and somewhat more frequently, the word is used to mean those persons whose names have been drawn from the jury list or roll and placed in the jury wheel or box. Quite commonly, the word is employed to denote veniremen—those persons whose names are drawn from the wheel for a venire or special venire and who are summoned by a writ of venire and are thereby upon the jury panel for a term of court, or part of a term, or for choosing jurors for a particular case."

2 Bouvier's Law Dictionary (Rawle's 3d ed), p 1769, defines "juror" as "any person selected and summoned according to law to serve in that capacity, whether the jury has been actually impaneled and sworn or not."

In *Marvin* v. *District Court of Polk County,* 126 Iowa 355 (102 NW 119), it was held that a member of a regular jury panel, who had not been sworn to try an issue in any particular case, was a "juror" within their statute (Code [1897], § 4461) giving the court power to punish for contempt an attempt to influence a juror. A similar ruling was made in *State* v. *Maddox,* 80 SC 452 (61 SE 964).

In *Jackson* v. *Baehr,* 138 Cal 266 (71 P 167), plaintiff was summoned as a regular juror. He was in attendance 13 days but only served in the jury box in the trial of cases for 3 days, the other 10 days either being excused or not impaneled upon any

jury. He sought compensation under the statute providing fees "for each day's attendance" for the 13 days. The county auditor opposed such action, claiming plaintiff was only entitled to 3 days' compensation. The California court, quoting from *Mason* v. *Culbert,* 108 Cal 247 (41 P 464), said (p 269):

"'A juror may be in attendance upon court without being impaneled to try any cause, and for every day of such attendance the statute authorizes him to be compensated. The *per diem* provided by the statute is not intended to be in the nature of a salary for the time he is serving as a juror, or as wages for trying a cause, but rather as a compensation for the time during which he is withdrawn from his ordinary avocation and in actual attendance upon the court.'"

The court held plaintiff was entitled to receive payment for 13 days.

In an Illinois case, *People* v. *Newmark,* 312 Ill 625 (144 NE 338), the court held the term "jurors" includes all persons selected according to law for the purpose of serving as jurors whether they have been actually impaneled and sworn.

In *City Loan & Savings Co.* v. *Buckley,* 145 Ohio St 281 (61 NE2d 316), a case involving provision for payment and taxation of juror fees, the court said (p 284):

"The only question remaining is whether fees may be taxed for the jurors who are called and report for duty, or for only those who actually serve as members of the jury in the trial of the case.

"Throughout the provisions of the statute, * * * all who are brought into court to serve as jurors pursuant to summons are designated 'jurors.' It is made the duty of the trial judge 'to cause to be interrogated all jurors summoned for service.' There is no word of distinction anywhere in the act be-

tween those who actually serve in the trial of the case and those who are excused after being brought into court and interrogated as to their qualifications to serve."

In the case of *United States* v. *Marsh* (CCA 5), 106 F 474 (45 CCA 436), under statutory provisions which provided United States clerks shall receive as a fee "for administering an oath or affirmation, except to a juror, 10 cents," the court held a clerk is not entitled to a fee for swearing persons summoned to serve as grand or petit jurors to answer on their *voir dire* as to their qualifications, since the term "juror" is used in the statute in its generally accepted sense as meaning any person selected and summoned according to law to serve in that capacity. See, also, *State* v. *McCrystol,* 43 La Ann 907 (9 So 922).

We conclude, therefore, that the plaintiff in the instant case was a "juror" at the time of her injury.

We now approach the question, whether a petit juror is an employee of the county which summoned such person for jury duty (as the term is defined in the Michigan workmen's compensation act). The workmen's compensation act is remedial legislation and this Court has often said its beneficial provisions were enacted primarily for the benefit of those engaged in pursuits subject to its provisions. See *Lahti* v. *Fosterling,* 357 Mich 578, and *Wilson* v. *Doehler-Jarvis,* 358 Mich 510. The act is to be broadly and liberally interpreted. As stated by Justice Smith in the case of *Kramer* v. *Charlevoix Beach Hotel,* 342 Mich 715 (8 NCCA 3d 133), in discussing the objectives of the act (p 723):

"In order that such act accomplish its objectives of relieving and protecting the wage earner, it is almost universally held that it should be extended 'to include all employments and services which can reasonably be said to come under its provisions' and

so construed 'that in a doubtful case an injured employee may not be deprived of the benefits of the act.' "

Defendants-appellants contend that the word "appointment" as used in section 7 of part 1 of the Michigan workmen's compensation act has a special meaning in relation to public employees; that obviously a juror is not an employee by virtue of a contract of hire with the county which has summoned him; and that he is not an appointee to an employment. They argue that a person selected and summoned as a juror must attend and perform or be subject to the statutory penalty for refusal; that he has no right to decline to perform; and that a contract of employment implies freedom to accept. They rely entirely upon the Colorado case of *Board of County Commissioners of the County of Eagle* v. *Evans,* 99 Colo 83 (60 P2d 225). The referee found the plaintiff in the instant case was an employee by appointment of hire. The appeal board affirmed, calling attention to the last paragraph of section 1 of part 2 of the workmen's compensation act which reads as follows:

"Every employee going to or from his work while on the premises where his work is to be performed, and within a reasonable time before and after his working hours, shall be presumed to be in the course of his employment." CLS 1956, § 412.1 (Stat Ann 1960 Rev § 17.151).

See *Freiborg* v. *Chrysler Corp.,* 350 Mich 104, and *Dyer* v. *Sears, Roebuck & Co.,* 350 Mich 92, for construction of this section.

In the Colorado case, *supra,* the petitioner contracted pneumonia while serving as a juror. The statute defining the term "employee" was substantially the same as that found in the Michigan act. The court held the status of a juror was not that of

an employee serving, to quote the statute, by "appointment or contract of hire, express or implied." The Colorado decision was followed by New Mexico in the case of *Seward* v. *County of Bernalillo,* 61 NM 52 (294 P2d 625).

The Ohio court in *Industrial Commission of Ohio* v. *Rogers,* 122 Ohio St 134 (171 NE 35, 70 ALR 1244), affirmed an award granting compensation under a similar statute. The juror in the *Rogers Case,* after having been dismissed for the day and while descending the stairs in the courthouse, fell and was injured. In affirming the award the court said (pp 135–139):

"The question is a close one and is likewise a new one. Section 1465–61 [general code] quite definitely extends the benefits of the workmen's compensation act to all persons in the service of the State or of any county 'under any appointment or contract of hire, * * * except any official of the State, or of any county,' and the 2 questions here presented are whether a juror is a person in the public service of the State or county under an appointment of hire, and, if so, whether he, as an official, comes within the exception of that section.

"There are many definitions of an 'officer,' none of which is sufficient to determine the status of every agency through which the State acts; but the outstanding characteristic common to all definitions of an officer is the possession by him of some sovereign power.

"It is the contention here of the industrial commission that a juror in Ohio is a *quasi* officer, because it is asserted that he performs some of the functions of a sovereign; yet it is conceded by the industrial commission that all deputies, assistants, and clerks of officers fall within the class of employees in the service of the State or county under an appointment of hire, and do not fall within the exception as to officers. We are unable to see the distinction. We recognize that jurors, as assistants to the court, find

facts and render a verdict upon which a judgment may be entered, and the rendition of a judgment thereon authoritatively determines rights of individuals and rights of the State; but the force, authority, finality, and effectiveness of a verdict is wholly dependent upon the judgment entered thereon by the court. The hearing of evidence, the weighing of evidence, and the verdict of the jury are steps in the progress of the cause in court for determination, and essential thereto, but not more so than the filing of the pleadings and the issuing of process by a deputy clerk, and the service of process by a deputy sheriff, and may be as effectively waived; and, whatever may be said of the operative force and sovereign character of some of the acts of deputy clerks and deputy sheriffs, the verdict of a jury has no operative force until a judgment is entered thereon by the court. While the verdict of the jury contributes to the jurisdiction and power of the court to enter the judgment, the act of sovereignty, the authoritative establishment of rights, is performed by the court.

"While the exercise of the function of a juror contributes to the jurisdiction and power of the judge to perform a sovereign act, just as the performance of duty by innumerable deputies, clerks, and assistants to other officials contributes to the jurisdiction and power of such official to perform sovereign acts, it falls short of an exercise of sovereign power by its lack of power to make its verdict an independent, self-supporting finality. A juror possesses no sovereign power, and, since it is not claimed that he has any other characteristic of an officer, he is not an officer within the exception of section 1465-61, general code.

"Jurors in Ohio are selected by a jury commission; their names are placed in a wheel, and they are blindly drawn out of the jury wheel as they are needed. By their manner of drawing, an element of chance enters into their final selection, but when drawn, their selection by the jury commission be-

comes a definite appointment for such service. There is no element of chance in the mode of selection by the jury commission for deposit in the wheel. They are selected with reference to their judgment and qualifications as jurors, and with reference to their geographical location; and when they are drawn from the wheel, their definite selection is accomplished.

"We are unable to draw a distinction between the *selection* of a juror by the jury commission and the *appointment* of such juror by the jury commission; nor are we able to interpret such selection or appointment as being any the less a selection or appointment, because an element of chance enters into the determination of whether the selection or appointment of such juror shall eventually result in his being required to perform jury service. His appointment however, differs from the appointment of deputies, clerks, and assistants to other officers, in that such deputies, clerks, et cetera, are appointed to positions provided for by law, at a compensation fixed by law or in a manner provided by law, and are at liberty to accept or decline such an appointment. A juror is appointed to a position created by law, for a compensation fixed by law, but has no option to decline such appointment. Does that fact so distinguish a juror from every other public employee, other than officers, as to require a holding that, while a juror is appointed, he is not appointed *for hire?* For we agree with the commission that the words 'of hire' in section 1465–61 qualify the word 'appointment' as well as the word 'contract.'

"The commission seems to have arrived at the conclusion that the appointment was not 'of hire' by the process of reasoning that since the juror has no option to decline the appointment, and the compensation provided for jurors is so meager that, generally speaking, it does not represent adequate compensation, he therefore does not serve for the purpose of receiving such compensation, but serves only because he cannot escape such service. While

that process of reasoning would not operate to defeat the claimant in the instant case, since she had served beyond the compulsory period, and had not exercised her option to decline to perform further jury service, we do not rest our decision upon the peculiar facts of this case.

"While, theoretically, every person labors of his own free will, in reality, man labors for a reward, and accepts it, whether he ascribes his breaking of stone to a purpose to earn a wage, or a purpose to build a temple. Provision for the payment of jurors for jury service is made by law, and jurors generally accept such compensation for such service. Indeed, the State would be powerless to compel such service without affording compensation. The legislature having fixed the compensation, it does not lie within the power of an administrative body to determine that such compensation is inadequate; nor does the fact that the juror has no option to decline such appointment render the appointment any less one for hire, since theoretically the consideration provided by law for the service is adequate."

Webster's New International Dictionary (2d ed) defines "appointment" as the designation of a person to hold an office or discharge a trust. Plaintiff-appellee was personally chosen and summoned to present herself in court on September 8, 1958. Thus in the ordinary sense of the word she received an "appointment" to jury duty. She was asked to discharge a trust, a debt of citizenship. Words in a statute are to be given their ordinary meaning unless from their context or from the statute it appears a different sense was intended. *Hammons* v. *Franzblau,* 331 Mich 572, 574.

Considering the broad and liberal interpretation to be applied to the Michigan workmen's compensation act and its remedial intent, we vote in the instant case to follow the reasoning of the Ohio court

and to affirm the appeal board's award of compensation under the act for plaintiff's injury.

The remaining question has to do with the allowance of interest on the award. The workmen's compensation appeal board provided that the award would draw interest from the due date thereof until the time of payment in accordance with *Wilson* v. *Doehler-Jarvis, supra.* The date of plaintiff's injury in the instant case was September 8, 1958. The date of the decision in the *Wilson* v. *Doehler-Jarvis* case was January 4, 1960.

Defendants contend the statement by Justice VOELKER in *Wilson* v. *Doehler-Jarvis* (p 517) that "This decision shall not, however, be regarded as retroactive," prohibits the awarding of interest on payments in a case which arose prior to the *Wilson* decision. We do not agree with this contention. By such provision the Court intended to prevent the reopening of cases already adjudicated. Therefore, the limitation does not apply to the present case and the appeal board properly awarded interest.

The order of the workmen's compensation appeal board should be affirmed. Plaintiff should have costs.

BLACK, J., concurred with KAVANAGH, J.

CARR, J. (*concurring*). The material facts involved in this case are not in dispute. Plaintiff, a resident of the city of Saginaw, was notified, pursuant to statute, by the sheriff of Saginaw county that she had been drawn for service as a circuit court juror for the September, 1958, term. Said notice further directed that she report to the court on September 8th, at 2 o'clock in the afternoon.

Plaintiff endeavored to comply with the instructions given her by the notice, and went to the county courthouse on the date mentioned. After entering the building and prior to her reaching the courtroom,

or the office of the county clerk, she fell and sustained a serious injury. On January 13, 1959, she filed application for hearing and adjustment of claim with the workmen's compensation department of the State, such claim being based on the theory that on the day she received the injury in question she was an employee of the county of Saginaw. The defendants denied liability, and the case proceeded to hearing before a referee who found in plaintiff's favor. The workmen's compensation appeal board affirmed the award made, holding that plaintiff was an appointee for hire within the statutory definition of the term "employee" as set forth in section 7 of part 1 of the workmen's compensation act.* Said section defines the term as including:

"Every person in the service of the State, or of any county, city, township, incorporated village or school district therein, under any appointment, or contract of hire, express or implied, oral or written, except any official of the State, or of any county, city, township, incorporated village or school district therein, elected at the polls."

It may be noted in passing that said section specifically covers certain persons, including volunteer members of a fire department and safety patrol officers, but contains no specific reference to jurors.

From the action of the appeal board defendants, on leave granted, have appealed. The primary question at issue is stated by counsel for each of the parties as follows:

"Is a petit juror an employee (as that term is defined in the Michigan workmen's compensation act) of the county which summons him for jury duty?"

On behalf of appellants it is contended that a juror summoned for service in the circuit court of a county

---

* CLS 1956, § 411.7 (Stat Ann 1960 Rev § 17.147).

of the State is not an employee. Emphasis is placed on the nature of the relationship created, the functions of a juror, and the fact that when summoned for service such juror is *required* to act as a part of the judicial machinery of the court, in the absence of an existing reason or reasons for being excused therefrom. On behalf of appellee it is argued that the manner in which a juror is selected may be regarded as an "appointment", and that the appeal board was correct in so holding. It is also insisted that in case of doubt an injured employee should not be deprived of the benefits of the act. Obviously this statement assumes the existence of the relationship of employer and employee which is, of course, the question at issue in the instant controversy.

A juror called and accepted for service acts as an essential part of the judicial system of the State. The service is one that may be required on the theory that it is the duty of every qualified citizen to render it when called to do so. The status of the juror is analogous in certain respects to that of one who is drafted under law into the military service of government. Under our system of selecting jurors the relationship between the county and the individual juror does not rest on contract, express or implied, but, rather, is founded on requirements of statute law. One who is summoned for such duty has no option other than to comply with the mandate served on him. His duties are prescribed by the law of the State, and he is not subject to direction by the county. The amount to be paid for jury service is, likewise, fixed pursuant to law, and is not a matter of agreement. The ordinary incidents pertaining to the relationship of employer and employee are not present. In view of the status of the juror we think that if the legislature had intended to include him in the statute and to ascribe to him the status of an ordinary employee under contract, or under an ap-

pointment which he would be at liberty to reject, specific provision to that end would have been made.

The ordinary employee who is subject to the workmen's compensation law is limited to the recovery of benefits under the statute as the exclusive remedy against his employer, in lieu of rights of action that previously existed. CL 1948, § 411.4 (Stat Ann 1960 Rev § 17.144). If a juror is subject to the act, then such restriction is applicable notwithstanding the fact that the relationship is created under mandatory provisions of the State law. Likewise, the county on which the law imposes certain duties and obligations with reference to the functioning of the judicial system of the State, if deemed as to jurors an employer within the meaning of the workmen's compensation act, is subject to restrictive provisions thereof. In the absence of express provisions to that end, it is a fair conclusion that the legislature did not intend that the particular relationship with which we are here concerned, created as it is by law, should be subject to the workmen's compensation act.

The duties of a juror are concerned with the administration of the law of the State. The county, through certain designated officials, acts merely as a governmental agency for and on behalf of the State. The actual work of the juror deals with the administration of justice pursuant to law, rather than to the rendition of service to the county in which the juror serves, except as the county is a part of the State. The work of the circuit court is not limited to the trial and disposition of cases involving the county as such, or residents of, or property within, the county, except insofar as the State-imposed liability to pay the operating expenses of the court is concerned.

We note that the workmen's compensation appeal board in concluding that plaintiff was "an appointee

for hire" did not undertake to designate what particular officer or officers made the appointment. Statutory provisions relating to the selection of jurors for service in circuit court, which apply to Saginaw county, are set forth in CL 1948 and CLS 1956, § 602.120 *et seq.* (Stat Ann and Stat Ann 1959 Cum Supp § 27.245 *et seq.*). Plaintiff's name was drawn and she was notified to appear pursuant to such provisions. In accordance therewith the supervisor and township clerk of each township, and the alderman of each ward or assessment district in a city, are required to prepare from the assessment rolls a list of citizens, having the qualifications of electors, to serve as jurors, and to forward the lists so prepared to the county clerk. Further provisions relate to the drawing of names, under certain safeguards, of men and women who shall be called for jury service at each term of court. Parties whose names are so drawn are then notified to appear at a designated place and time, as was the plaintiff in the instant case. The prescribed manner of drawing the names permits of no discretion as to who shall be called.

Plaintiff herein was not accepted for service and, in fact, did not attend the meeting in the afternoon of September 8, 1958, presumably called for the purpose of instructions by the court to the prospective jurors, and the consideration of requests to be excused from service, together with such other matters as the presiding judge of the court might raise. An "appointment" for the rendition of any service necessarily implies a consideration of the selection made, but the drawing of names taken from the lists submitted by the local officers under the Michigan statute is wholly by chance. Prior to the time that prospective jurors whose names are drawn are notified to appear the only opportunity for the exercise of discretion or judgment lies in the preparation of

the lists of names by township or city officials. May it be said that the preparation of the lists from the assessment rolls amounts to an appointment?

Attention has been directed to the decision of the supreme court of Ohio in *Industrial Commission of Ohio* v. *Rogers,* 122 Ohio St 134 (171 NE 35, 70 ALR 1244). It was there held that one while actually serving as a juror in a county court was an employee of such county within the meaning of the Ohio workmen's compensation act. The Ohio system for the selection of jurors differs from that of Michigan, such selection being made by a jury commission, and the court in effect found that the action of the commission in the given case amounted to an appointment for hire. The court further indicated in its opinion that the fact that the service was mandatory and for a consideration fixed by law did not prevent the application of the workmen's compensation law of the State of Ohio to the relationship created. It does not appear that the question whether the services of the juror were in fact rendered to the county was given consideration. It may be noted in passing that this decision is the only one called to our attention in which a juror has been held to be an employee of the county in which the service was rendered. It may be noted also that in reaching the conclusion indicated the court disagreed with the position that the industrial commission of Ohio had taken.

The industrial commission of Minnesota has taken a position recently in accord with that of the Ohio commission in the case above referred to. In 2 separate proceedings involving injuries to jurors the Minnesota commission declined to accept the theory that the relation of employer and employee of the county existed. The reasons for such holding are indicated in the following excerpt from the opin-

ion in *Matsch v. County of Dakota*, decided October 3, 1958, quoted by appellants in their brief.

"Here we have a citizen, subject to the demands under the authority of the State or its subdivisions, to render certain services because of her citizenship. Jury duty is one of the services required of a citizen. Service in the armed forces is another. In either case, the citizen does not have the right to say 'I will,' or 'I will not' serve. That decision is made for him by the sovereign authority.

"When one is chosen to serve as a juror he is notified of his selection and required to answer the summons by appearing in person before the court. He doesn't say—as was said in the Gospel—'I have married a wife and can't attend'; or 'I have bought a team of oxen and have to try them.' No; he answers the call. If he does not appear he may be forcibly brought before the court and held in contempt.

"This procedure does not have in it the relationship of employer and employee, as contemplated by the workmen's compensation act.

"There is a fee paid for the service of a juror, but this is not to be considered as a wage. It is merely a gratuity covering the expense that a juror may be put to in answering the call. The same relationship exists in the case of soldiers who are called to arms. There is no relationship of employer and employee, but a response in performance of a civic duty for the privilege of enjoying his citizenship."

The supreme court of Colorado in *Board of County Commissioners of the County of Eagle v. Evans*, 99 Colo 83 (60 P2d 225), held that a juror who suffered an injury while serving as such was not a county employee within the meaning of the compensation act of that State. The Colorado statute defines the term "employee", substantially as does the Michigan act, as follows:

"Every person in the service of the State, or of any county * * * , under any appointment or contract of hire, express or implied, except an elective official of the State, or any county."

In the opinion of the court it was said (pp 85–87):

"We cannot think the status of a juror is that of an employee serving, to quote the statute, by 'appointment or contract of hire, express or implied.' Jurors are selected, summoned and serve pursuant to statute. CL 1921, §§ 5839–5849. Their compensation is fixed by like authority. CL 1921, § 7905, as amended. SL 1929, p 425, c 119. It is true that except in instances where jury fees are taxed to parties litigant, the county must discharge that burden; but neither the service of the juror nor the obligation of the county, as we conceive, comes of appointment or contract. The county does not negotiate with a citizen for his services as a juror, nor does the citizen apply to the county for such preferment. When a citizen is summoned to jury service he responds to process running in the name of the people, which imports such dignity that it commands respect, and is of such force that none disobeys. By the majesty of the law, therefore, not by contract, he becomes a juror. Neither he nor the county is consulted as to whether, or when, he shall serve, or as to the duration of his service or the compensation therefor. A juror, it seems proper to say, has to do with the gravest affairs of men, and what he determines as to matters submitted to him is not subject to control from any source whatever. The legislative branch of the government has not said that a juror is an employee of the county, and it does not lie with the judicial branch to belittle the functions of his great office by so declaring. Indeed, we are not at liberty to extend the statutory provisions. *Colorado Fuel & Iron Co.* v. *Industrial Commission*, 88 Colo 573 (298 P 955). Jury service, as has been said, 'is a temporary employment from which the person is relieved as soon as the duty is

performed. The duty to serve as a juryman is an obligation to the community in which he resides, and his consent to serve is not essential. His position as a juryman is not the result of contract.' *The Queen* v. *Lui Self,* 8 Haw 434. 'A juror * * * is neither appointed nor elected to his position of duty.' *People* v. *Hopt,* 3 Utah 396, 401 (4 P 250). For extended discussion of general principles in varying instances, see *Mann* v. *City of Lynchburg,* 129 Va 453 (106 SE 371); *Industrial Commission of Ohio* v. *Shaner,* 127 Ohio St 366 (188 NE 559); *Vaivida* v. *City of Grand Rapids,* 264 Mich 204 (88 ALR 707); *Los Angeles* v. *Industrial Accident Commission,* 35 Cal App 31 (169 P 260); *Board of Trustees of Crutcho Township* v. *State Industrial Commission,* 149 Okla 23 (299 P 155); *Murray County* v. *Hood,* 163 Okla 167 (21 P2d 754). We have given attention to *Industrial Commission of Ohio* v. *Rogers,* 122 Ohio St 134 (171 NE 35, 70 ALR 1244, 1248), cited by counsel for defendant in error. That is the only case of which we are advised where a juror has sought an award of compensation benefits, and *there* the juror prevailed. The learned court of that pronouncement is greatly to be respected, but we are not persuaded to its view of the office of a juror, or as to the genesis of his selection. In no conceivable sense, we think, is a juror engaged by or for the county by appointment, or contract of hire, or at all. He functions as part of the judicial machinery, and is as indispensable to its ongoing as is the judge of the court where he serves. The Ohio court observed that the question was 'close,' and reviewing it subsequently, remarked in like manner. *Industrial Commission of Ohio* v. *Shaner, supra.*"

The above decision of the Colorado court was cited and followed in *Seward* v. *County of Bernalillo,* 61 NM 52 (294 P2d 625).

We are in accord with the reasoning on which the Colorado and New Mexico decisions are based. Plaintiff was not an employee of the county of Sag-

inaw within the meaning of the term as used in the workmen's compensation act of the State of Michigan. She was summoned under the statute for the rendition, or possible rendition, of public service in connection with the judicial system of the State, and her status at the time of the injury must be determined accordingly. Discussion of other questions considered by counsel in their briefs is not required.

The order of the workmen's compensation appeal board is reversed.

DETHMERS, C. J., and KELLY, J., concurred with CARR, J.

