DORTCH, INC., PLAINTIFF, *v.* GOLDSTEIN, DEFENDANT.

Bedford Municipal Court, Cuyahoga County.

No. 3374.   Decided April 28, 1964.

Mr. *Joseph L. Newman*, for plaintiff.
Mr. *George T. Gareff* of *Messrs. Gareff & Janes*, for defendant.

ZINGALES, J. This matter came on to be heard by the Court on the 27th day of February, 1964, upon the pleadings of the parties and evidence adduced at the trial. Upon completion of the Plaintiff's evidence, the Defendant moved the Court for dismissal on the basis that Plaintiff was outside the purview of Chapter 1703, Revised Code, and therefore was not properly before this Court. Said motion was taken under advisement by the Court and the Defendant was ordered to proceed with its evidence with the understanding that the Court would consider the said motion before giving any consideration to the merits of the matter.

The questions before the Court therefore are as follows:

1. Was the Defendant's Foreign Corporation transacting business in Ohio while not having a license to do so and therefore excluded from maintaining this action in this Court as provided by Section 1703.29, Revised Code; and

2. If the answer to the first question above is in the negative, is the Plaintiff or the Defendant entitled to judgment upon the merits of this action?

In accordance with the agreement reached at the conclusion of the Plaintiff's evidence in this matter, the Court will first direct its attention and efforts toward disposing of the first question before us.

1. *Was the Defendant's Foreign Corporation transacting business in Ohio while not having a license to do so and there-*

*fore excluded from maintaining this action in this Court as provided by Section 1703.29, Revised Code?*

It is provided, in part, by Section 1703.03, Revised Code, that "no foreign corporation not exempted from Sections 1703.01 to 1703.31, inclusive, Revised Code, shall transact business in this state unless it holds an unexpired license to do so by the Secretary of State," while Section 1703.29 (A), Revised Code, states in part that "no foreign corporation which should have obtained such license shall maintain any action in any court until it has obtained such license."

By the pleadings in this matter and by stipulation of counsel, the Plaintiff is a foreign corporation and it has never been licensed to do business in Ohio. In order to correctly answer question number one, therefore, it is essential to ascertain whether or not the unlicensed Plaintiff's foreign corporation was in fact doing business in Ohio; whether or not its relationship to the Defendant was that of an Independent Contractor or of Master-Servant, Employer-Employee. If the former relationship existed, then the Defendant's motion is not well taken as the Plaintiff could not have been transacting business in Ohio, while if the latter relationship existed, the Plaintiff would have been transacting business in Ohio without being licensed to do so and, therefore, not properly before this Court.

The facts with reference to determining the question are as follows:

*Facts*

1. Stipulation by and between the parties that the Plaintiff is a corporation duly incorporated under and by the laws of the State of Michigan, and is not now nor never was licensed to do business in the State of Ohio;

2. That said Plaintiff's Foreign Corporation was in the business of selling certain laundry and dry cleaning equipment;

3. That the Defendant was in charge of an office in the City of Cleveland, Ohio, as a base of operations for the sales of said equipment;

4. That whenever the Defendant (or the Plaintiff) felt a need for additional employees, the Plaintiff had the final word in approving said additional employees by signing its approval on the employment application;

5. That the Plaintiff had the authority to accept or reject employment applications;

6. That the Plaintiff had the responsibility and obligation to pay all of the office expense and overhead and the Defendant had no responsibility or obligation for any of the said expense or overhead.

7. That on occasion Plaintiff made special trips to Cleveland to interview applicants for employment.

8. That Plaintiff held general sales meetings in Cincinnati, Ohio, and in Detroit, Micthigan and paid all the expenses therefor;

9. That the said laundry and dry cleaning equipment was purchased by the ultimate purchaser through the manufacturer, rather than through the Defendant or Plaintiff, but where the purchaser needed financing by way of chattel mortgages, the Plaintiff endorsed the note with full recourse to the financing institutions;

10. That final approvals of all purchase contracts of sales made by the Defendant were given by the Plaintiff while the Defendant had no such power of approval.

11. That when advertisements were placed in the newspapers, whether for employees or advertisements promoting the sale of the said laundry and dry cleaning equipment, the Plaintiff, not the Defendant, approved and paid for all such ads;

12. The Plaintiff could have terminated the Defendant's employment anytime it chose to as there was no written employment agreement between them;

13. The Plaintiff handled all customer service calls and complaint calls when trouble developed in the equipment.

14. List price of equipment was set by Plaintiff in Flint, Michigan.

15. Defendant could not "pack" or increase the price of the equipment.

16. Defendant could not vary service guarantee on the equipment sold without approval of the Plaintiff.

Section 1703.29, Revised Code, provides, inter alia, as follows:

"(A) The failure of any corporation to obtain a license under Sections 1703.01 to 1703.31, inclusive, Revised Code, does

not affect the validity of any contract with such corporation, but no foreign corporation which should have obtained such license shall maintain any action in any court until it has obtained such license. Before any such corporation shall maintain such action on any cause of action arising at the time when it was not licensed to transact business in this State, it shall pay to the secretary of state a forfeiture of two hundred fifty dollars and file in his office the papers required by divisions (B) or (C) of this section, whichever is applicable."

"(B) If such corporation has not been previously licensed to do business in this state or if its license has been surrendered it shall file as required by division (A) of this section: * * *."

Section 1703.01 (B), Revised Code, Definitions, provides:

"(B) 'Foreign Corporation' means a corporation incorporated under the laws of another state;"

It has been the contention of the plaintiff in this matter that it is not subject to Chapter 1703, Revised Code, since it was not doing business in Ohio. It has been further the contention of the plaintiff that any sale of its products and services within the state was done by the Defendant acting as an Independent Contractor. On the other hand however, the defendant maintains that he was not an Independent Contractor but that there existed an Employer-Employee or Master-Servant relationship between him and the Plaintiff. The relationship which traditionally has been described as that of "Master and Servant" is now commonly referred to as the relationship of "Employer and Employee." (35 Ohio Jurisprudence (2d), Master & Servant, Sec. 2, p. 620.)

In the law the term "Master and Servant" or "Employer and Employee" indicates the relationship which exists when one person employs another to do certain work *and has the right of control* over the performance of the work to the extent of prescribing the manner in which it is to be executed; and in this respect the relationship is distinguishable from that of Employer and Independent Contractor. (35 Ohio Jurisprudence (2d), Master & Servant, Sec. 2, p. 621.)

It has been held in the case of *Luff Co.* v. *Capece*, 61 F. (2d), 635, that the relationship of Master and Servant exists whenever the employer retains the right to direct the manner

in which the business shall be done, as well as the result to be accomplished, or in other words, not only what should be done, but how it should be done. Conversely, one who is neither employed, paid, nor controlled by another is not the servant of the other in a legal sense. (*Rayborn* v. *Patton*, 11 O. Dec. Rep., 100.) The relationship of Master and Servant exists where one person for pay and other valuable consideration enters into the service of another and devotes to him his personal labor for an agreed price. (*Pantell* v. *Shriver Allison Co.*, 61 Ohio App., 119.)

Whether a relationship is that of Master and Servant or of Employer and Independent Contractor is to be determined in each case from direct and circumstantial evidence involving the nature or extent of the work to be done. In other words, the relationship of principal and agent or Master and Servant is distinguished from the relationship of Employer and Independent Contractor by the following test: Did the employer retain control of, or the right to control the mode and manner of doing the work contracted for? If he did the relationship is that of Principal and Agent or Master and Servant: If he did not but is interested merely in the ultimate result to be accomplished, the relationship is that of an Employer and Independent Contractor. (*Councell* v. *Douglas*, 163 Ohio St., 292.)

The mere fact that persons performing work for another are paid by the piece or job does not necessarily negative the existence of the Master and Servant relation and establish that of Individual Contractor, nor is the place where the work is to be performed necessarily determinative of the relationship. (35 Ohio Jurisprudence (2d), Master & Servant, Sec. 6, p. 627.) The matter of compensation is not usually decisive of the relation of Employer and Employee. (*Industrial Comm.* v. *Shaner*, 127 Ohio St., 366.)

If the relationship can be terminated at any time by the employer without liability there is a definite indication that the relationship is that of an Employer and Employee. (*Case* v. *Industrial Com.*, 62 Ohio App., 219.)

As has been indicated in the facts hereinabove set forth we have here a Foreign Corporation which established an office in the City of Cleveland and put in its charge the Defendant as a base of operations for products to be furnished by the said

Plaintiff in Flint, Michigan. Further it was the responsibility and obligation of the Plaintiff to pay all the costs of the operation of said office, accept or reject employment applications, have the final word in approving any additional employees, make the final approval of all purchase contracts of sales made by the Defendant, endorsed the note with full recourse to the lending institutions which extended financing to the purchasers, paid for any and all advertisements whether in the promotion of the sale of its equipment or otherwise, and among other things could have terminated the Defendant's employment at any time he chose to. Further the list price of the equipment was set by the Plaintiff in Flint, Michigan and the Defendant was without authority to ''pack'' or increase the prices thereof and the Defendant could not vary service guarantees on the equipment sold without the approval of the Plaintiff.

From the foregoing facts which were adduced at the trial of this matter and the controlling case law hereinabove set forth, this Court is of the opinion that the relationship which existed between the Plaintiff and the Defendant herein was that of Master and Servant or Employer and Employee and not that of Independent Contractor.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the motion of the Defendant at the close of Plaintiff's case, for dismissal on the grounds that said Plaintiff has not complied with Chapter 1703, Revised Code, be and the same is hereby sustained with costs to the Plaintiff.

Counsel for Defendant is hereby instructed to prepare the appropriate Journal Entry for filing in this matter and this opinion is ordered journalized and filed herein as a matter of record.